LeMoyne Dale CHESSON,
Plaintiff–Appellant,

v.

Irving JAQUEZ, Dale Erps, L.E.
Matthews, Jerry Sylvia,
Defendants–Appellees.

No. 92–1239.

United States Court of Appeals,
Tenth Circuit.

Feb. 16, 1993.

Submitted on the briefs: *

LeMoyne Dale Chesson, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Gregg E. Kay, First Asst. Atty. Gen., Thomas C. Sullivan, Asst. Atty. Gen., Denver, CO, for defendants-appellees.

Before TACHA, BALDOCK and KELLY, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff LeMoyne Dale Chesson, a prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint and denial of his motion for reconsideration. Plaintiff's § 1983 complaint alleged a violation of his due process rights in a prison disciplinary hearing and retaliatory treatment by prison officials. Defendants have filed a motion to dismiss Plaintiff's appeal for lack of jurisdiction, alleging that Plaintiff's notice of appeal was untimely. Fed.R.App.P. 4.

In early July 1990, pursuant to information received from a confidential informant, officials at the Shadow Mountain Correctional Facility, a minimum security prison, discovered a tunnel behind the plumbing grating in a common living area of the prison. The informant also led officials to discover what they considered to be contraband in Plaintiff's cell. The items found in the living area of Plaintiff's cell were Western style boots with one boot altered to conceal the notch which is required by the state on all inmate footwear, yellow cloth strips which were made from the same inmate sheet material as a homemade rope found at the tunnel location, numerous plastic bags, pillowcases, a sewing kit, and green thread. Acting upon additional informant statements, officials discovered in the heating vent of Plaintiff's cell two hacksaw blades, one partial hacksaw blade, two plastic bags containing two white steward sheets, two pairs of white pants made from pillowcases, six different maps, a mileage chart, a list of addresses, a pair of gloves, a bolt, and a pipe with couplings. On July 6, 1990, prison officials charged Plaintiff with attempted escape without force and unauthorized possession of contraband. On July 12, 1990, at a disciplinary hearing, Plaintiff was found guilty of the attempted escape and contraband charges and assessed twenty days punitive segregation and thirty days loss of good time. Following an evaluation of his security classification, Plaintiff was moved to the Centennial Correctional Facility, a maximum security prison.

Plaintiff filed his § 1983 complaint on April 16, 1991. On June 15, 1992, the district court granted Defendants' Motion for Summary Judgment and dismissed the complaint. Final judgment was entered the next day, June 16, 1992. Plaintiff then filed a Motion for Reconsideration in the district court. The motion's certificate of service was dated June 26, 1992, but the motion was not filed in the district court until July 2, 1992. Judgment was entered denying the Motion for Reconsideration on July 6, 1992, and Plaintiff filed a Motion

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

for Extension of Time to File Motion for Notice of Appeal on August 3, 1992. Plaintiff filed his Notice of Appeal the next day, on August 4, 1992.

In civil cases such as Plaintiff's, a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). In Plaintiff's case, the date of judgment entry was June 16, 1992. However, a "timely" motion for a new trial under Fed.R.Civ.P. 59 tolls the running of the statute, and Plaintiff has thirty days from the entry of the order denying a new trial to file his notice of appeal. Fed. R.App.P. 4(a)(4)(iv).

■ Although not properly titled, we view Plaintiff's Motion for Reconsideration as a motion for new trial made pursuant to Fed.R.Civ.P. 59 because it questioned the correctness of the judgment. *See Hannon v. Maschner*, 981 F.2d 1142, 1144 n. 2 (10th Cir.1992) ("In determining whether a motion [for reconsideration] is brought under Rule 59, we look beyond the form of the motion to the substance of the relief requested. (citation omitted) Where ... the motion requests a substantive change in the district court's decision, it may be considered under Rule 59(e). (citations omitted)"). *See also Knox v. Wyoming*, 959 F.2d 866, 867 (10th Cir.1992). Under Rule 59, Plaintiff's motion had to be *served* within ten business days of final judgment—*i.e.*, on or before June 30, 1992—in order to be timely. *See* Fed.R.Civ.P. 59. *See also* Fed.R.Civ.P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation."). Because the certificate of service attached to Plaintiff's Motion for Reconsideration was dated June 26, 1992, we construe Plaintiff's Rule 59 motion as served on that date absent evidence to the contrary. *Clayton v. Douglas*, 670 F.2d 143, 144 (10th Cir.), *cert. denied*, 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982).

Therefore, Plaintiff timely served Defendants prior to June 30, 1992, and met the requirements of Rule 59.

■ Although a Rule 59 motion must be *served* within ten business days of final judgment entry, the motion need not be *filed* within that time. *See* Fed.R.Civ.P. 59(b). *See also Clayton*, 670 F.2d at 144 ("To be timely, a Rule 59 motion must be *served* within ten days of the entry of judgment; the date of filing in the district court is essentially irrelevant here to a determination of timeliness."). The filing date of a Rule 59 motion is only important in that the motion and certificate of service must be filed with the district court "within a reasonable time after service." Fed. R.Civ.P. 5(d). The Motion for Reconsideration was received and file-stamped in the district court on July 2, 1992, six days after service. Because six days is within a reasonable time after service, especially considering the six days included a weekend, we hold that Plaintiff's Rule 59 motion was timely filed.

■ The district court's order denying Plaintiff's Rule 59 motion was entered on July 6, 1992. Therefore, Plaintiff had thirty days—*i.e.*, until August 5, 1992—to file his notice of appeal. Fed.R.App.P. 4(a)(4)(iv). Plaintiff's Notice of Appeal was filed on August 4, 1992.[1] Consequently, we have jurisdiction over this appeal.

We now address whether the district court properly granted summary judgment in dismissing Plaintiff's complaint. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c). We review the district court's granting of summary judgment de novo. *Maldonado v. Josey*, 975 F.2d 727, 728 (10th Cir.1992).

To support his claim of a due process violation, Plaintiff alleges that he submitted a request to have the contraband evi-

---

1. Plaintiff's Motion for Extension of Time to File Motion of Notice of Appeal, which was filed on August 3, 1992, was later granted by the district court. However, because Plaintiff's No-
tice of Appeal reached the district court within the 30–day period, the Motion for Extension of Time was unnecessary.

dence and the officer who searched his cell present at his prison disciplinary hearing, and prison officials ignored these requests. Although there is a factual dispute over whether Plaintiff actually submitted such a request, the dispute is not material, and Plaintiff's complaint was subject to summary judgment dismissal.

 Prison disciplinary hearings are not part of a criminal prosecution and the full panoply of rights due a defendant in such a prosecution do not apply. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The minimum due process requirements for prison disciplinary hearings are: (1) written notice of the charges brought against the inmate at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present evidence at the hearing; and (3) a written statement by the factfinder as to the evidence relied upon and the reason for any action taken. *Id.* at 564–66, 94 S.Ct. at 2978–80. Plaintiff alleges that because he was not allowed to call a witness and not allowed to present certain evidence, Defendants violated the second due process prong. However, Plaintiff has failed to adequately show how the testimony of the officer and the admission of the contraband would have affected the outcome of his case. *See Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991) ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

Plaintiff apparently argued at the disciplinary hearing and at the district court that he was framed by two other prisoners, who prison officials also charged with attempted escape. Plaintiff argued that although he knew about the tunnel and had tried to convince the other two inmates to stop digging, he had not participated in the escape attempt. Plaintiff further alleged at his hearing and in the district court that the contraband in the heating vent of his cell belonged to one of the other two charged inmates who had occupied the cell a few months before Plaintiff, and that this inmate was probably the informant who was trying to frame Plaintiff for the escape attempt. Additionally, Plaintiff asserted that the other items discovered in his cell which he acknowledged did belong to him—i.e., the boots, thread, pillowcases, plastic bags, and strips of sheet material— were not contraband but had legitimate inmate uses. Therefore, Plaintiff argued that he was innocent of the escape attempt and contraband charges.

We agree with the district court that Plaintiff has failed to adequately show how submitting the contraband into evidence at the disciplinary hearing would have assisted his argument or changed the outcome of his case. Plaintiff only asserts that submission of these items would have shown that they were not contraband but had legitimate inmate uses. The record reflects, however, that the disciplinary committee had before it a list of the items which were found in Plaintiff's cell and heating vent. From that list, the committee could readily determine which items had legitimate inmate uses and which did not.

We also agree with the district court that Plaintiff has failed to adequately show that the officer who searched his cell could have offered testimony to support Plaintiff's argument before the disciplinary committee. Plaintiff does not assert that this officer had any information regarding the alleged framing by the informant inmate, and we fail to see how this officer could have acquired such information merely by conducting the search of Plaintiff's cell.

Finally, we uphold the district court's grant of summary judgment on the issue of retaliation by prison officials. Plaintiff asserts that prison officials at Centennial Correctional Facility retaliated against him upon his arrival because of his prison escape history, due to the fact that other Centennial inmates, attempting to escape a few months before Plaintiff's arrival, had injured a prison guard. However, Defendants are not officials or employees of Centennial. They are all prison officials and employees of Shadow Mountain Correction-

al Facility and did not engage in the conduct of which Plaintiff complains.

AFFIRMED.