21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Emery PORTER, Plaintiff-Appellant,
v.
Kenneth J. KIMZEY, Glen Lee and Robert D. Hannigan,
Defendants-Appellees.
 No. 93-3171.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Emery Porter, an inmate at the Kansas State Industrial Reformatory, was found guilty of acting disrespectfully, by using abusive language, towards one of the prison guards, officer Kenneth Kimzey. Kimzey's and Appellant's versions of the incident vary. However, both parties agree that Appellant called Kimzey a liar.[2] The incident occurred when officer Kimzey was letting inmates out of their cells to go to the library. Kimzey's written report, which was used as his testimony at the hearing, stated that after Appellant told Kimzey that he was to be let out to go to the library, Kimzey told Appellant he did not think he was entitled to go to the library, but that he would check the log books. Kimzey said he checked the log books, discovered his error, and then let Appellant out of his cell. During this entire time Kimzey said that Appellant was yelling at him. Kimzey also stated that after he let Appellant out of his cell, Appellant continued to yell and called him a liar. Kimzey then ordered Appellant back into his cell and wrote the incident report. Appellant asserts that Kimzey lied about letting him out of his cell and that when Kimzey refused to let him out of his cell to go to the library the sergeant on duty let him out of his cell. Appellant also states that the sergeant told Kimzey to correct the log book. Appellant admitted at the disciplinary hearing that he called Kimzey a liar.
 
 
 3
 Appellant appeals the district court's decision dismissing Appellant's civil rights complaint under 42 U.S.C.1983 as frivolous under 28 U.S.C.1915(d).[3] Appellant asserts that his due process rights were violated by the prison disciplinary process he was afforded after he was accused of acting disrespectfully to officer Kimzey. Appellant complains that officer Kimzey provided perjured testimony to the hearing officers and that the sergeant on duty, who Appellant says witnessed some of the events of the incident, was not called to testify despite Appellant's request that he be called.[4]
 
 
 4
 Appellant correctly cites Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974), for the proposition that prisoners facing disciplinary hearings are entitled to due process, including the right to call witnesses to testify at the hearing. However, the right to call witnesses is not unrestricted, and this court has previously held that there is no right to call a witness whose testimony would be redundant or irrelevant to the proceedings. Chesson v. Jaquez, 986 F.2d 363, 366 (10th Cir.1993) (officer's testimony properly disallowed where plaintiff failed to adequately show how the officer's testimony would have supported plaintiff's argument before the disciplinary committee); see also Wolff, 418 U.S. at 566 (the right to call witnesses at prison disciplinary hearing is not unrestricted).
 
 
 5
 In this case, Appellant has failed to show how the sergeant's testimony would have affected the outcome of his disciplinary hearing. Appellant contends that the sergeant, not Kimzey, let him out of the cell and told Kimzey to correct the log books. Appellant has not argued, however, that the sergeant would testify that Appellant did not call officer Kimzey a liar. In fact, in Appellant's own statement to the disciplinary board he admitted that he called officer Kimzey a liar. The disciplinary board cited Appellant's own admission as the basis for its determination of guilt.[5] Thus, any testimony that the sergeant could provide would be irrelevant. We also find that if officer Kimzey did provide perjured testimony as to who let Appellant out of his cell, the effect on Appellant's disciplinary hearing was harmless. The board relied on Appellant's own testimony. Accordingly, the district court's decision is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Appellant's language was more colorful than simply calling Kimzey a liar, but it is not necessary to include the actual language in this opinion
 
 
 [3]
 Appellant's motion to proceed in forma pauperis is granted
 
 
 [4]
 Appellant also asserts that disciplinary reports are generated both to prevent and to revoke prisoners' paroles and to meet alleged quotas of disciplinary reports required of prison staff. Appellant's allegations are conclusory and lack specific facts. Appellant does not assert that he is eligible for parole. Further, there is no indication that this claim was raised below. Absent more specific allegations, we are unprepared to address this issue
 
 
 [5]
 We note that Appellant did not raise a First Amendment claim. Therefore, we need not address whether the speech was constitutionally protected or constituted fighting words