43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
TUCKMAN INTERNATIONAL, LTD., Abek. Suleman, Anisa J.
Suleman, aka Anisa J. Suleman, Defendants-Appellants,
and
RAILROAD SAVINGS BANK, fka Railroad Savings and Loan
Association, Bank IV McPherson fka McPherson Bank
and Trust Company, Defendants,
First American State Bank, Defendant-Appellee.
 No. 94-3018.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON, and TACHA, Circuit Judges, and CAMPOS,[2] District Judge.
 
 
 2
 The facts central to this disposition are as follows. Tuckman International ("Tuckman") is a Kansas corporation which deals in colored gemstones. In October, 1991, the United States Small Business Administration filed a foreclosure action against Tuckman, its guarantors, and other lien holders in the United States District Court for the District of Kansas. On July 29, 1992, judgment was entered for the United States foreclosing the government's security interest, and the court ordered certain personal property sold pursuant to a stipulation between the interested parties. On August 25, 1993, First American State Bank, a Tuckman creditor, filed a motion requesting approval of a sale of the property. The court granted the motion on September 2, 1993, and entered an order approving the sale. That order, however, was entered prior to the expiration of the ten-day period allowed Tuckman to object to the motion. See D. Kan. Local R. 206.
 
 
 3
 On September 7, 1993, Tuckman filed a motion to set aside the September 2 order, on the ground that the ten-day objection period had not run. On September 28, 1993, the district court entered an order denying that motion. Tuckman then moved the court, on October 8, 1993, to reconsider its September 28 order. On November 18, 1993, that motion also was denied. Tuckman filed its notice of appeal to this court on January 14, 1994.
 
 
 4
 Where, as here, the United States is a party to the litigation, a party seeking review by this court must file its notice of appeal no later than sixty days following entry of judgment. Fed. R.App. P. 4(a)(1). Tuckman contends that its January 14 notice of appeal was timely filed because the initial order entered on September 2, 1993, was void. Thus, according to Tuckman, the sixty-day period for filing a notice of appeal did not begin to run until November 18, 1993, the date that the district court denied Tuckman's second motion to reconsider. We disagree.
 
 
 5
 The order entered September 2, 1993, was a final order. Thus, absent some tolling motion, Tuckman's notice of appeal was due no later than sixty days following entry of that order. Rule 4(a)(4) delineates four post-judgment motions which, if timely filed, toll the running of the sixty-day period until entry by the district court of an order denying the motion, at which time the sixty-day period begins to run anew. See Chesson v. Jaquez, 986 F.2d 363, 365 (10th Cir.1993).
 
 
 6
 Tuckman filed its first motion to reconsider on September 7, 1993, and the district court denied the motion on September 28, 1993. While the Federal Rules of Civil Procedure do not recognize a "motion to reconsider," we construe Tuckman's motion as a motion to alter or amend the September 2 order. See Fed R. Civ. P. 59(e). This motion was timely filed. Accordingly, pursuant to Fed. R.App. P. 4(a)(4), Tuckman had sixty days from September 28, in which to file its notice of appeal with this court.
 
 
 7
 Tuckman filed its second motion to reconsider on October 8, 1993, and that motion was denied by the district court on November 18, 1993. We may construe the motion either as a second motion made pursuant to Fed.R.Civ.P. 59(e) to alter or amend the September 2 order, or as a motion made pursuant to Fed. R. Civ. P. 60(b) seeking relief from the September 28 order. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 113 S.Ct. 89 (1992).
 
 
 8
 It is well settled that the filing of a second motion to reconsider does not extend the time in which to file a notice of appeal. Venable v. Haislip, 721 F.2d 297, 299 (10th Cir.1983). Thus, Tuckman's second motion to reconsider did not toll the sixty-day period. Therefore, were we to construe the motion as a second 59(e) motion, we would conclude that Tuckman's notice of appeal, filed on January 14, 1994, was untimely, and this appeal would be dismissed for lack of jurisdiction.
 
 
 9
 However, we construe Tuckman's second motion to reconsider as a motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60(b). See Van Skiver, 952 F.2d at 1243. Tuckman's notice of appeal, therefore, was timely filed. Accordingly, we review the district court's denial of the motion.
 
 
 10
 Tuckman's appeal from the denial of its 60(b) motion raises for review only the district court's denial of that motion, and we do not consider the underlying order itself. Id. We review the district court's denial of Tuckman's 60(b) motion for abuse of discretion. White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir.1990). Nothing in the record suggests that the district court abused its discretion in denying Tuckman's motion.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Santiago E. Campos, Senior Judge for the United States District Court for the District of New Mexico, sitting by designation