54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald Lee SMITH, Plaintiff-Appellant,
v.
Lt. SAMU; Bob Furlong; Captain Nutter, Defendants-Appellees.
 No. 94-1570.
(D.C. No. 93-M-2668)
 United States Court of Appeals, Tenth Circuit.
 May 10, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Ronald Lee Smith appeals the district court's order dismissing his 42 U.S.C.1983 action as frivolous under 28 U.S.C.1915(d). Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 3
 The undisputed facts are as follows.[2] Mr. Smith, an inmate at the Limon Correctional Facility in Colorado, entered the dining hall through an improper door. Once inside, he began conversing with other inmates and stepped directly into the food line. When a prison guard asked him what he was doing, Mr. Smith reacted with a profane and unresponsive answer, grabbed two cups and walked past the guard despite having been ordered to stop. The guard then told Mr. Smith he could not enter the dining hall through the exit door and he could not cut into the food line. Mr. Smith responded, stating he could do either at any time he wished and there was nothing the guard could do about it. Mr. Smith then returned the two cups and exited the dining room.
 
 
 4
 Based on this conduct, Mr. Smith was charged with threats and verbal abuse, in violation of the Code of Penal Discipline. He subsequently pled guilty with explanation to the verbal abuse charge and not guilty to the threats charge. A disciplinary hearing was held, and based on his guilty plea, the guard's incident report and Mr. Smith's own testimony, he was found guilty of both charges and sanctioned with the loss of some good time credits. These convictions were affirmed after an administrative appeal. Shortly thereafter, an administrative segregation hearing was held, which resulted in Mr. Smith being reclassified into maximum security administrative segregation.
 
 
 5
 Mr. Smith then initiated this action pursuant to 1983. Liberally construed, this action can fairly be read as asserting three claims: (1) he was denied due process in connection with the disciplinary hearing; (2) the evidence was insufficient to support his convictions for threats and verbal abuse; and (3) he was denied due process in connection with his reclassification to maximum security administrative segregation. The magistrate judge recommended the complaint be dismissed under 1915(d) as the allegations therein were clearly baseless. The district court overruled Mr. Smith's objections and dismissed the complaint. We review the dismissal of a complaint under 1915(d) for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, ----, 112 S.Ct. 1728, 1733 (1992). Finding no abuse of discretion, we affirm the dismissal of this complaint.
 
 
 6
 Pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974), the minimum due process requirements for a prison disciplinary hearing are:
 
 
 7
 (1) written notice of the charges brought against the inmate at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present evidence at the hearing; and (3) a written statement by the factfinder as to the evidence relied upon and the reason for any action taken.
 
 
 8
 Chesson v. Jaquez, 986 F.2d 363, 366 (10th Cir.1993) (citing Wolff, 418 U.S. at 564-66). Mr. Smith has not alleged he has been denied any of these protections, and therefore, this argument is specious.
 
 
 9
 In determining whether the evidence is sufficient to support the findings of a prison board, and the revocation of an inmate's good time credits, we ask only "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board," or if the "findings of the disciplinary board were without support or otherwise arbitrary." Superintendent v. Hill, 472 U.S. 445, 455-56, 457 (1985). While Mr. Smith argues it was improper to rely on the guard's written report because it was hearsay, the Supreme Court has recognized that it is proper to rely on a written report. Id. at 456. Moreover, even if the report is hearsay, that fact bears on the weight of the evidence before the prison board, not its sufficiency; and the Supreme Court stated in Hill that whether there is sufficient evidence to support a prison disciplinary conviction does not require a court to make credibility determinations or reweigh the evidence. Id. at 455; see also Taylor v. Wallace, 931 F.2d 698, 701 (10th Cir.1991) (recognizing that hearsay may be relied upon in determining whether there was sufficient evidence to support a prison disciplinary conviction). In this case, the disciplinary board stated it convicted Mr. Smith after relying on the report, the oral testimony, and the plea. Under Hill, this evidence is legally sufficient to support Mr. Smith's prison disciplinary convictions.
 
 
 10
 Finally, Mr. Smith argues he was denied due process because he was not afforded a hearing before he was reclassified to maximum security administrative segregation. But this argument fails under our case law holding Colorado's prison rules and regulations do not create a liberty interest in an inmates prison classification so as to trigger the requirements of due process. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir.1994) (affirming dismissal of complaint under 1915(d) where allegations included denial of due process stemming from transfer of inmate from general population to administrative segregation); cf. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right."). On this authority, we reject this claim.
 
 
 11
 The district court's order dismissing this complaint is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Smith's allegation the district court improperly relied on the Martinez report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978), to resolve a disputed fact, is without merit. See Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir.1993)