**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ELMER M. GONZALES and
RUDOLFO J. GONZALES,

    Plaintiffs-Third-Party-
    Defendants-Appellants,

v.

JOHN P. MONTOYA,

    Defendant-Third Party-
    Plaintiff-Appellee,

v.

INTERNAL REVENUE SERVICE,

    Third-Party-
    Defendant-Appellee.

No. 96-2207
(D.C. No. CIV-95-1348-BB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

The Internal Revenue Service seized real estate from Elmer and Rodolfo Gonzales and sold it to satisfy a portion of their alleged tax deficiencies. The Gonzales, representing themselves, filed suit in state court against the buyer, John Montoya, challenging his right to title. Montoya later filed, also in state court, a third-party complaint for indemnification against the Internal Revenue Service in case he lost. On the basis of the third-party complaint and the fact that a government employee was named as a defendant in it, the Internal Revenue Service removed the entire action to federal court.

The federal magistrate judge issued an initial scheduling order requiring the parties to appear at a hearing on January 25, 1996. Plaintiffs did not appear. The magistrate judge then issued an order requiring plaintiffs to show cause why their "action should not be dismissed, or [] other sanctions be imposed" for their failure to obey the court's order. R. doc. 9. After a hearing and additional briefing from the parties, it appeared that plaintiffs chose not to attend the January 25, 1996 hearing because, they claimed, they had not been served with

the third-party complaint and therefore were not parties to the action. See R. doc. 4 at 2, ¶ 7; id. doc. 16. The magistrate judge concluded that dismissal was an appropriate sanction under Fed. R. Civ. P. 37(b)(2)(C) in response to plaintiffs' intentional failure to appear at the January 25, 1996 hearing, and recommended that plaintiffs' complaint be dismissed with prejudice. The district court reviewed the record de novo, adopted the magistrate judge's recommendation, and dismissed plaintiffs' complaint. Plaintiffs appeal. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiffs argue on appeal that the district court abused its discretion by: (1) dismissing their suit without first verifying that they had been served with the third-party complaint; (2) failing to determine that it had subject matter jurisdiction over the action; and (3) failing to resolve the issue of alleged fraud in the tax sale.

Plaintiffs' first contention is without merit. Under New Mexico law, service is effected by and complete upon mailing. See S.C.R.A. Rule 1-005(B) N.M. Stat. Ann. The record shows that defendant stated he mailed plaintiffs a copy of the third-party complaint and that the envelope was not returned to him by the Postal Service. Defendant also attached a certificate of service to the third-party complaint indicating that a copy had been mailed to plaintiffs. This is

competent evidence of service. Cf. Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 735-36 (5th Cir. 1995) (holding court may consider whether notice had correct address and postage, whether notice was mailed, and whether certificate of service was filed to determine whether mailing was accomplished); Chesson v. Jaquez, 986 F.2d 363, 365 (10th Cir. 1993) (holding date on certificate of service accepted as date of service absent evidence to the contrary). Plaintiffs assert here, as in the district court, that they did not receive the third-party complaint even if it was mailed to them. This mere assertion of nonreceipt, however, is insufficient to show that the magistrate judge's finding is clearly erroneous, or that the district court abused its discretion in adopting it.

Plaintiffs' contention that the district court lacked subject matter jurisdiction is also without merit. Because removal was not challenged, any defects in removal procedure were waived. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1543 (5th Cir. 1991). The only question is whether the federal court would have had jurisdiction if the suit had been filed in federal court as the suit was postured at the time of judgment. See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972). According to plaintiffs' own admissions, their complaint raised a federal question under the tax code. Thus, the district court had federal subject matter jurisdiction at the time of judgment. To the extent plaintiffs inartfully attempt to challenge the district court's assertion of personal

jurisdiction over them, we note that plaintiffs submitted to federal court jurisdiction when they filed a removable complaint in state court.

Because the district court had subject matter jurisdiction over the action and dismissed plaintiffs' complaint as a sanction based on a factual finding that is not clearly erroneous, we need not address plaintiffs' merits argument. We do not consider whether imposition of lesser sanctions is appropriate under Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), and its progeny. The issue was neither raised before us, nor noted below. We will not manufacture arguments on appeal for litigants. See National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir. 1989).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge