Raymond Lee CLIFTON,
Plaintiff–Appellant,

v.

Manfred R. CRAIG,
Defendant–Appellee.

No. 90–3216.

United States Court of Appeals,
Tenth Circuit.

Jan. 23, 1991.

Raymond Lee Clifton, pro se.

D. Brad Bailey, Asst. U.S. Atty., State of Kan., Topeka, Kan., for defendant-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Raymond Lee Clifton, confined at the United States Penitentiary in Leavenworth, Kansas, during the times relevant to this action, appeals the district court's grant of summary judgment in favor of Manfred R. Craig, regional chaplain for the north central region of the Bureau of Prisons. We grant Clifton's motion to proceed in forma pauperis and affirm the decision of the district court.*

This case arises from Clifton's contention that Craig impermissibly interfered with his constitutional right to exercise his religious beliefs. Specifically, Clifton objected to Craig's refusal to permit the Church of Christ, of which Clifton is a member, to hold Sunday morning worship services apart from all other Christian groups. Clifton also claimed that, among other things, Craig unnecessarily interrupted or cancelled bible study classes, denied church members the use of the prison chapel, and refused to allow the church's lay volunteer leader into the prison.

After the district court granted Craig judgment as a matter of law, Clifton filed this *pro se* appeal, arguing that the summary judgment should be reversed primarily because the district court erred both in finding that certain facts were not in dispute and in applying the legal test for determining the reasonableness of the restrictions imposed on his free exercise of religion. In reviewing a summary judgment disposition, this court must "examine the record to determine if any genuine issue of material fact was in dispute; if not, the court must decide if the substantive law was correctly applied." *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988).

Clifton first asserts that the court erroneously found that certain facts were not in dispute. His brief, however, is not responsive to the factual background laid out by the district court in its order of May 10, 1990, and it is on the facts outlined in the order that the judgment rests. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original); *See generally* 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2725 (1983). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510. In this case, the facts that Clifton disputes do not determine the outcome and, thus, are not material.

Further, the dispute over any material facts must be "genuine." That is, the party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor. Relying on mere allegations or denials in the pleadings will not do. *Id.* at 256, 106 S.Ct. at 2514. In this case, even assuming the facts disputed by Clifton were material, he has failed to present a sufficient factual basis to send the matter to a jury. A reasonable jury could not return a verdict in his favor.

Because we agree with the district court that no genuine issues of material fact are in dispute, we must next deter-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

mine if the substantive law was correctly applied. The standard is clear. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). This standard gives corrections officials the necessary leeway to effectively confront the intractable difficulties of administering prison systems while, at the same time, it keeps the intrusion of the judiciary into such matters at a minimum. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-50, 107 S.Ct. 2400, 2404-05, 96 L.Ed.2d 282 (1987).

Given this general standard, the Supreme Court has articulated a four-factor inquiry to determine the reasonableness of a disputed regulation. First, the regulation must be logically connected to legitimate governmental interests invoked to justify it. *Turner v. Safley*, 482 U.S. at 89, 107 S.Ct. at 2261-62. In this case, Craig asserts that, because of the large number of religious groups represented in the prison population and such factors as security, staffing, and space, separate accommodation of all the religious needs of each individual group is not possible. Clifton does not dispute this, arguing instead that because he does not believe the Church of Christ is a "denomination", it should be accorded separate treatment. We fail to see the logic in this argument and reject it.

Second, we must inquire whether alternative means are available for Church of Christ members to practice their religion. In this case, in addition to the general Christian communion and worship services on Sunday mornings, which Clifton claims are inappropriate for members of his church because musical instruments are used in the services, Church of Christ members have also been allotted a weekly two-hour meeting time, which they apparently devote to Bible study. "Where 'other avenues' remain available for the exercise of the asserted right, ... courts should be particularly conscious of the 'measure of judicial deference owed to corrections officials ... in gauging the validity of the regulation.'" *Turner v. Safley*, 482 U.S. at 90, 107 S.Ct. at 2262 (*citing Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 131, 97 S.Ct. 2532, 2540-41, 53 L.Ed.2d 629 (1977) and *Pell v. Procunier*, 417 U.S. 817, 827, 94 S.Ct. 2800, 2806-07, 41 L.Ed.2d 495 (1974)). We believe that the weekly two-hour meeting time constitutes an alternative avenue for the practice of religion. We, therefore, give deference to Craig in his formulation of the worship and meeting schedule and his resultant denial of Clifton's request.

Third, the impact of the accommodation of the asserted right on allocation of prison resources must be considered. *Turner v. Safley*, 482 U.S. at 90, 107 S.Ct. at 2262. While it is unclear from the evidence before the court that space for the requested worship service in the chapel on Sunday is truly problematic, there can be little question that the security needs of the prison, including staffing, would be affected by Clifton's requests.

Finally, we look to see if Clifton has offered any easy alternatives that would fully meet the religious needs of the Church of Christ membership at *de minimis* cost to the prison's penological interests. *Turner v. Safley*, 482 U.S. at 91, 107 S.Ct. at 2262-63. While Clifton maintains on appeal that he was willing to use the chapel at whatever hour it might be available on Sundays, this alternative was never clearly specified in Clifton's pleadings to the district court.

We, therefore, agree with the district court that the restriction on Clifton's constitutional right to practice his religion is a reasonable one. While "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison," *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979), neither do they maintain their rights to the same degree as other citizens. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Thus, because valid penological interests justify the restrictions imposed on Clifton as a member of the Church of Christ at Leavenworth and because Clifton's other grounds for appeal are without merit, the decision of the district court is AFFIRMED.

---

* Honorable Daniel B. Sparr, District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.