SYSTEMCARE, INC., Plaintiff/Counter-defendant,

v.

WANG LABORATORIES, INC., Defendant/Counter-claimant,

v.

Michael WRIGHT, Third-party defendant.

No. Civ. A. No. 89–B–1778.

United States District Court, D. Colorado.

March 13, 1992.

James E. Hartley, William E. Mooz, Jr., Holland & Hart, Denver, Colo., William A. Markham, Ronald S. Katz, Coudert Brothers, San Francisco, Cal., for Systemcare, Inc.

Michael J. Cook, Faegre & Benson, Denver, Colo., Robert F. Ruyak, Richard A. Ripley, Jonathan G. Graves, Robert L. Green, Jr., Howrey & Simon, Washington, D.C. (Florinda J. Iascone, Wang Laboratories, Inc., Lowell, Mass., of counsel), for Wang Laboratories, Inc.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

### I. INTRODUCTION

Before me are Wang's motion for summary judgment on Systemcare's Section 1 Sherman Act claim, and Systemcare's and third-party defendant Michael Wright's motions for partial summary judgment on Wang's claims for trademark infringement and false designation of origin. At a February 5, 1992 hearing on the motions I instructed the parties to file supplemental briefs discussing the effect of *Chanute v. Williams Natural Gas Co.*, 955 F.2d 641 (10th Cir.1992) on this case. In light of *Chanute*, Wang's motion for summary judgment will be granted. Also, I will grant summary judgment for Systemcare and Wright on Wang's claims for trademark infringement and false designation origin. Federal question jurisdiction exists under 15 U.S.C. § 15(a) (1982) and 28 U.S.C. § 1331 (1980).

### II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment shall be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Material factual disputes are those that might affect the outcome of the suit under the governing law. *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). Summary judgment, however, should not be entered if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in favor of the nonmoving party, a reasonable jury

could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## III. WANG'S MOTION FOR SUMMARY JUDGMENT

■ Wang manufactures "VS" minicomputers. A consumer who purchases a Wang VS minicomputer also needs software and software support services to operate the system properly. Wang designed and copyrighted a software system for use with these minicomputers, and offers a host of support services for this software including: software maintenance bulletins; software updates; on-site and telephone technical assistance; remote link-up assistance; and the right to copy the software. (Exhibit F at A495–A499.) Because Wang owns a copyright on this software it alone can offer these support services.

Wang also offers hardware maintenance services for its minicomputers. Hardware servicing involves maintaining and repairing the computer equipment. Until competitors like Systemcare surfaced in 1985 and 1986, Wang serviced the hardware for most of the VS minicomputers.

Beginning in 1985, Wang offered their minicomputer users a package of software and hardware maintenance services known as the Wang Software Services (WSS) contract. WSS contracts are available at a fixed fee on a one or two year basis. Under the WSS contract, however, the customer must subscribe to Wang's hardware maintenance program to also obtain software support services. Systemcare alleges unlawful tying in that Wang is forcing its customers to purchase its hardware maintenance services to obtain software support services. According to Systemcare, Wang is using its market power in the software support industry to eliminate competition in the hardware maintenance industry.

Wang responds that no customers are forced to purchase hardware services with its software services because software and hardware services are separately available to all Wang customers on a "per incident" basis. Customers using these software support services on a per incident basis are billed each time a service is performed and are charged only for the materials and labor expended on the project. (Exhibit F at A499–A500.)

Systemcare, in turn, contends that the availability of these services on a per incident basis is not a viable alternative to the WSS contracts because per incident customers do not receive the same quality of software support services as WSS customers and the per incident services are as costly as the WSS contract services. (Exhibit 10 at ¶¶ 37–63.) Systemcare argues that because of these quality and cost differences, a customer will always choose the WSS contract over the software services offered on a per incident basis. Thus, according to Systemcare, a customer is "forced" to purchase Wang's hardware maintenance services to obtain efficient software support services. This alleged tying arrangement, Systemcare contends, forecloses competition in an otherwise competitive hardware maintenance industry in violation of Section 1 of the Sherman Act.

The dispositive issue here is whether a plaintiff asserting a Section 1 tying claim must establish that a defendant conspired or acted in concert with others in implementing the tying arrangement. Because recent Tenth Circuit authority requires proof of a conspiracy or concerted activity among *two or more separate parties* to sustain a Section 1 tying claim, Systemcare's failure to show that a genuine question of fact exists on this issue warrants summary judgment on its Section 1 claim.

■ Under Section 1 of the Sherman Act "every contract, combination, ... or conspiracy in restraint of trade ... is declared to be illegal." 15 U.S.C. § 1 (1990). The Tenth Circuit now holds that a tying arrangement imposed by a single entity is not proscribed by Section 1 of the Sherman Act. *Chanute*, 955 F.2d at 650. *See also McKenzie v. Mercy Hospital of Independence, Kansas*, 854 F.2d 365, 368 (10th Cir.1988). Rather a plaintiff must establish a conspiracy between at least two parties to prove a Section 1 claim. *Id.*

Although Systemcare's complaint alleges that Wang acted in concert or conspired with others in *implementing* the alleged tying arrangement, there is no evidence that Wang allied itself with any other party in forcing WSS customers to accept its hardware services when purchasing software support services. Rather, the record unambiguously reveals that Wang acted alone in imposing this alleged tying arrangement.

■ Systemcare also contends that a conspiracy exists between the WSS customers and Wang because the WSS customers acquiesce to the alleged tying arrangement even though they know that the WSS contract may illegally restrain trade. Again, binding Tenth Circuit authority is to the contrary.

A contract between a customer and the seller in an alleged tying scheme does not establish a Section 1 conspiracy. *Chanute*, 955 F.2d at 650. This evidence is insufficient to create a genuine issue of material fact as to the existence of a Section 1 conspiracy, and pursuant to governing Tenth Circuit law, Wang is entitled to summary judgment on this claim.

Systemcare protests vigorously that *Chanute* and *McKenzie* conflict with established authority imposing Section 1 liability on a defendant acting alone in implementing a tying arrangement. Systemcare is supported by Judge Seymour's concurring opinion in *Chanute*. There, she writes that in at least two circumstances, Section 1's combination or conspiracy requirement is met although a defendant acts alone in implementing a tying arrangement. *See Chanute*, 955 F.2d at 650 (Seymour, J., concurring). First, if a seller forces an unwilling buyer to enter into the tying arrangement a conspiracy or concerted action is deemed to exist under Section 1 although the seller acts alone. *See Black Gold, Ltd. v. Rockwool Industries, Inc.*, 729 F.2d 676, 686 (10th Cir.), *rehearing denied*, 732 F.2d 779, 780 (10th Cir.), *cert. denied*, 469 U.S. 854, 105 S.Ct. 178, 83 L.Ed.2d 113 (1984); *Smith Machinery Co., Inc. v. Hesston Corp.*, 878 F.2d 1290, 1294 (10th Cir.1989), *cert. denied*, 493 U.S. 1073, 110 S.Ct. 1119,

107 L.Ed.2d 1026 (1990); *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 669–670 (7th Cir.1985), *cert. denied*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986). Second, a Section 1 conspiracy or combination exists if a buyer refuses to enter into the tying arrangement, but other buyers are induced to enter into the arrangement upon the communicated danger of termination. *Id.*

Contrary to this authority the *Chanute* majority holds that a conspiracy or concerted action between at least two parties is necessary to maintain a Section 1 tying claim. Although *McKenzie* acknowledges that a single entity can establish a tying arrangement, it holds that Section 1 liability does not attach in such circumstances: "Here, we are not concerned with the legal possibility of a single entity imposing a tying arrangement on its customers. The question before the court—and to which we have replied in the negative—is whether such an arrangement is proscribed by Section 1 of the Sherman Act." *Id.*

By requiring proof of the archetypical conspiracy to maintain a Section 1 claim, *Chanute* and *McKenzie* seemingly erase the words "contract" and "combination in the form of trust or otherwise" from Section 1. Contracts in restraint of trade, such as the one alleged here, are thereby effectively removed from Section 1's reach, even though embraced by its express terms. Nevertheless, I am constrained to conclude that, absent a conspiracy or concerted action by two or more parties, a Section 1 tying claim will not succeed. *Chanute*, 955 F.2d at 650; *McKenzie*, 854 F.2d at 368.

Systemcare has not shown that Wang conspired or acted in concert with another party in imposing this alleged tying arrangement. Summary judgment, therefore, must be entered against Systemcare on its Section 1 claim.

## IV. SYSTEMCARE'S AND WRIGHT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

■ Third-party defendant Michael Wright worked for Wang as a customer

engineer from October 31, 1983 through September 13, 1985. As a customer engineer, Wright performed hardware maintenance for Wang on its customers' minicomputers. On May 28, 1985 Wright founded Systemcare, which competes with Wang in servicing the hardware for VS minicomputers.

When Wright left Wang he kept a few activity report forms which had Wang's registered trademark in the lower right corner. (Wright Depo. vol. I at 123–125.) Wang customer engineers used these forms to record the type of services performed on customers' minicomputers. Systemcare admits that it used some of these forms without Wang's consent when servicing computer equipment for two of its customers. (Systemcare's responses to Wang's second set of interrogatories at ¶ 11; Wright Depo. vol. I at 126.) Systemcare would provide one copy of the form to the customer and retain another copy for its records. (Wright depo. vol. I at 124.) Because of its unauthorized use of these forms, Wang asserted federal and state trademark infringement and false designation of origin claims against Systemcare and Wright. Systemcare is no longer using these forms and, thus, Wang does not seek injunctive relief. Instead Wang seeks only money damages on these claims.

To prove money damages on these claims, a claimant must show that customers were actually confused as to the affiliation of the alleged infringer with the trademark owner. *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 521 (10th Cir.1987). Wang has tendered no evidence that the two Systemcare customers receiving these report forms were actually confused by Systemcare's use of Wang's trademark. There being no evidence of damages, Wang cannot recover on its trademark infringement and false designation of origin claims. Thus, Systemcare's and Wright's motions for partial summary judgment are granted.

Accordingly, IT IS ORDERED that Wang's motion for summary judgment and Systemcare's and Wright's motions for partial summary judgment are GRANTED.