**Laura K. SORENSEN, Plaintiff,**

v.

**UNIVERSITY OF UTAH HOSPITAL, Defendant.**

**No. 2:95 C 479K.**

United States District Court, D. Utah, Central Division.

March 31, 1998.

Kathryn Collard, Law Firm of Kathryn Collard LC, Salt Lake City, UT, for Plaintiff.

Mark Ward, Donald H. Hansen, Utah Attorney General's Office, Salt Lake City, UT, Martha S. Stonebrook, Utah Attorney General's Office Litigation Unit, Salt Lake City, UT, for Defendant.

## MEMORANDUM DECISION AND ORDER

KIMBALL, District Judge.

This matter is before the court on Defendant University of Utah's Motion for Summary Judgment, and Plaintiff, Laura K. Sorensen's Cross–Motion for Summary Judgment. The matter came on for hearing on Thursday March 19, 1998. The plaintiff was present and was represented by Ms. Kathryn Collard. The defendant was represented by Ms. Martha S. Stonebrook and Mr. Donald H. Hansen. Oral argument was heard and the court took the matter under advisement. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to the parties' motions. Now being fully advised the court enters the following memorandum and order.

### I. BACKGROUND

Plaintiff in this matter, Laura Sorensen, ("Sorensen"), was employed as nurse at the University of Utah Hospital, ("Hospital") from on or about August 6, 1990 through March of 1994. When plaintiff was initially hired she worked as a Clinical II nurse in the Burn Unit. In December of 1991 she was hired as an AirMed Flight Nurse for the Hospital. The position of AirMed Flight Nurse requires special certification as a Certified Emergency Nurse and training in Advance Burn Life Support as well as surgical procedures which are not generally required for nursing positions on the Hospital Units.

On October 30, 1993 the plaintiff was diagnosed with Multiple Sclerosis, (MS). She was in the hospital for a period of five days. During the five days that the plaintiff was in the hospital she was unable to perform any activities. However, upon her release from the hospital she was cleared by her doctor to return to work. Upon her release she called her immediate supervisor at the Hospital, Ms. Janet Smith, and informed her that she intended to return to work on November 12, 1993. She was told by Ms. Smith that she was not to return to work at that time and that she needed a letter from her doctor stating that she was physically able to return to her position as a Flight Nurse. Plaintiff obtained a written work release from her treating physician, Dr. John Barbuto. However, Ms. Smith met with plaintiff's other supervisor, Dr. Stephen Hartsell, the Director of the AirMed Department at which time they decided that they still had concerns about Ms. Sorensen returning to work. Dr. Hartsell and Ms. Smith made a list of job qualifications to present to Dr. Barbuto in order to be certain the plaintiff could safely work as a Flight Nurse. After reviewing the conditions of the job as presented by Dr. Hartsell, Dr. Barbuto stated that he would be unable to provide plaintiff with a work release.

Plaintiff's supervisors then made arrangements for plaintiff to meet with Dr. John W. Rose, a neurologist employed by the Hospital. Plaintiff was scheduled to work as a nurse in the Burn Unit, the Surgical Intensive Care Unit and the Emergency Room during the time she was being evaluated by Dr. Rose. After evaluating Ms. Sorensen, Dr. Rose informed Dr. Hartsell that she could return to work as a Flight Nurse on or about December 28, 1993. Dr. Hartsell, however, was still concerned about patient safety and the risks involved with allowing plaintiff to return as an AirMed Flight Nurse, and needing to definitively reconcile the conflicting reports of Drs. Barbuto and Rose, Hartsell discussed with Rose the essential functions of the job and followed up with a letter which set forth the requirements and his specific concerns. Subsequently, Dr. Rose indicated a reluctance to release plaintiff to the specific job of Flight Nurse.[1]

---

1. A review of the record seems to indicate that Dr. Rose believed plaintiff could essentially perform the duties required of a Flight Nurse, how-ever, he could not give a guarantee that she would never suffer from an episode or a problem associated with her MS while on duty. Dr. Hart-

At the end of February of 1994 the Hospital had neither returned Sorensen to her job as Flight Nurse, nor made a final determination as to whether or not they would return her to her job as Flight Nurse. On March 3, 1994 plaintiff submitted a letter of resignation to the hospital which she alleges constitutes a constructive discharge. In April, 1994, the plaintiff was employed as a Flight Nurse for Classic Lifeguard, an air rescue service operating out of Arizona.

Plaintiff filed a Complaint in this court on May 23, 1995, against the Hospital, alleging that she is a disabled person under the American with Disabilities Act and that the Hospital discriminated against her because of her disability. Defendant filed a Motion for Summary Judgment on November 22, 1996 and plaintiff filed a Cross–Motion for Summary Judgment on December 23, 1996.

## II. *STANDARD OF REVIEW*

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir.1991).

Once the moving party has carried its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986); *Gonzales v. Millers Casualty Ins. Co.*, 923 F.2d 1417, 1419 (10th Cir.1991). The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* at 322.

In considering whether there exist genuine issues of material fact, the court does not weigh the evidence but instead inquires whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir.) *cert. denied*, 502 U.S. 827, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). Finally all material facts asserted by the moving party shall be deemed admitted unless specifically controverted by the opposing party. D.Utah R. 202(b)(4).

## III. *DISCUSSION*

In order for the plaintiff to prevail on her claim of a violation of the Americans with Disabilities Act, (ADA), she must establish a prima facie case of disability discrimination. The burden then shifts to the Hospital to set forth a legitimate, nondiscriminatory reason for their actions. The burden then shifts back to the plaintiff, who must prove by a preponderance of the evidence that the Hospital's legitimate reason was a pretext for illegal discrimination. *See McDonnell Douglas, Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[2]

█ In order to establish a prima facie case of discrimination under the ADA, the plaintiff must prove the following: (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified, i.e., able to perform the essential functions of the job,

sell believed that this was enough of a safety concern to prevent her from returning to her job at that time.

**2.** Plaintiff argues that the standard this court should apply is not that set forth in *McDonnell Douglas Corp.*, but that set forth in *Pushkin v. Regents of the University of Colorado*, 658 F.2d 1372 (10th Cir.1981). *Pushkin* is a case under

the Rehabilitation Act and although it is true that the court may look to cases interpreting the Rehabilitation Act in order to interpret the ADA, it is clear from all case law dealing with the ADA that the standard set forth in *McDonnell Douglas Corp.* is the proper standard to be applied and plaintiff must establish a prima facie case.

with or without reasonable accommodations (which must be described); and (3) that the Hospital discriminated against her through an adverse employment action because of plaintiff's alleged disability. *See Sutton v. United Air Lines, Inc.,* 130 F.3d 893 (10th Cir.1997) and *Kocsis v. Multi–Care Management, Inc.,* 97 F.3d 876 (6th Cir.1996). The first issue in this matter is to determine whether or not the plaintiff is disabled under the ADA.

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The defendant argues that the plaintiff is not disabled under this definition.

### A. *Impairment that Substantially Limits Major Life Activities*

█ The plaintiff argues that she is disabled due to the fact that while she was in the hospital in October and November of 1993 she was limited in all major life activities, and that she has a record of an impairment. This court disagrees. In *Sutton v. United Air Lines, Inc.,* 130 F.3d 893 (10th Cir.1997), the Tenth Circuit held that: "The statutory requirement that disability determinations be made 'with respect to the individual,' contemplates an individualized, and case-by-case determination of whether a given impairment substantially limits a major life activity of the individual." *Id.* at 897 (citing *Runnebaum v. NationsBank of Md., N.A.,* 123 F.3d 156, 166 (4th Cir.1997)). In order to qualify as disabled the plaintiff must prove that her MS is a physical or mental impairment and that it is an impairment that substantially limits one or more of her major life activities. *See Sutton* at 898. It seems clear that MS is a physical impairment. It is undisputed that the plaintiff has been diagnosed with MS. However, just because the plaintiff has been diagnosed with an impair-

ment it does not follow that she is disabled under the ADA. She must still prove that she is substantially limited in her major life activities.

The plaintiff in this matter argues on the one hand that she is disabled because she was substantially impaired in her major life activities during her five day stay in the hospital. On the other hand, she argues that she has no symptoms of her impairment whatsoever and that she is not limited in her major life activities in any way therefore making her qualified for the job as Flight Nurse.[3] As the Tenth Circuit stated in Sutton, "plaintiff can not have it both ways." Either Ms. Sorensen is disabled because her MS substantially restricts her major life activities and therefore she is not qualified for the job of Flight Nurse, or she is qualified for the position because her impairment does not hinder her in any way. *Id.* at 903. This court does not accept plaintiff's argument that because she was limited in her major life activities for a period of five days that she is disabled pursuant to the ADA. The defendant correctly points out that under this analysis anyone who has a hospital stay would be disabled since most people who are confined to a hospital are substantially limited in their major life activities during their hospital stay be it for a heart attack, an appendicitis or giving birth to a baby. This clearly is not what the ADA intended in the definition of disabled. Other courts have also held that a person is not disabled under the ADA when they are not substantially limited in their major life activities. In *Kocsis v. Multi–Care Management, Inc.,* 97 F.3d 876 (6th Cir.1996) the Sixth Circuit held that the plaintiff, who also was diagnosed with MS, was not disabled under the ADA in part because she admitted that she did not have an impairment that limited her major life activities. The Second Circuit held in *Ryan v. Grae & Rybicki, P.C.,* 135 F.3d 867 (2nd Cir.1998) that the plaintiff's colitis did not

---

**3.** Plaintiff further argues that there were no requirements for the job of Flight Nurse prior to those established specifically for her situation. Just because there were no written requirements it seems clear to this court a person must meet certain specifications in order to be a Flight Nurse. Plaintiff herself admits that special train-

ing was needed in order to qualify for the job. Simply because the Hospital had never been presented with a situation prior to this that necessitated writing down the qualifications for the job, it does not follow that the qualifications were established specifically to discriminate against the plaintiff.

substantially limit her major life activities and therefore she was not disabled under the ADA. The court further held that "[a]lthough almost any impairment may, of course, in some way affect a major life activity, the ADA clearly does not consider every impaired person to be disabled." *Id.* at 870. Although the plaintiff in this matter has an impairment, the evidence, taken in a light most favorable to the plaintiff, does not show that she is limited in her major life activities in any way and therefore she is not disabled under the definition set forth in the ADA.

### B. *Regarded as Disabled*

Ms. Sorensen does not argue that she was regarded as disabled by the Hospital, however, this court believes the question is important and therefore will address it briefly. Subparagraph (C) of the ADA defines a "disability" as "being regarded as having" a physical or mental impairment that substantially limits one or more of the major life activities of the individual. *Sutton v. United Air Lines, Inc.,* 130 F.3d 893 (10th Cir.1997) holds that in order for an employee to be regarded as substantially limited in the major life activity of working the employee must be regarded as unable to perform an entire class of jobs. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* at 904. The *Sutton* court further held that:

An employer does not necessarily regard an employee as substantially limited in the major life activity of working simply because it believes that individual is incapable of performing a particular job. The statutory requirement that the employer regard the employee as having a substantially limiting impairment indicates that the an [sic] employer regards an employee as substantially limited in the ability to work when the employer regards the employee's impairment or perceived impairment as foreclosing generally the type of employment involved. *Foreman v. Bab-*

cock & Wilcox Co., 117 F.3d 800, 806 (5th Cir.1997). *See Hileman v. City of Dallas Tex.,* 115 F.3d 352, 354 (5th Cir.1997) ("An impairment must substantially limit employment in general, not merely the particular job that the plaintiff may wish to hold.")

In order "to demonstrate that an impairment 'substantially limits' the major life activity of working, an individual must show 'significant restriction in the ability to perform either a *class of jobs or a broad range of jobs in various classes* as compared to the average person having comparable training, skills and abilities.'" *Bolton v. Scrivner,* 36 F.3d 939, 942 (10th Cir.1994).

*Id.* at 904.

The defendant in this matter did not regard the plaintiff as substantially limited in performing a class of jobs. To the contrary, the evidence shows that they regarded her as very capable of performing any nursing job other than Flight Nurse and gave her the opportunity to perform numerous other nursing jobs throughout the hospital. The inability, or even the perceived inability to perform one job does not qualify the plaintiff as being disabled under Subsection (C) of the ADA. The plaintiff in this matter did obtain a job as a Flight Nurse for another employer after leaving the Hospital, however, this does not mean that the Hospital discriminated against her. The fact that the defendant in this matter may have different standards than plaintiff's current employer does not support a claim of discrimination.[4]

The court in this matter is not unsympathetic to plaintiff's plight. It is unfortunate that Ms. Sorensen was unable to continue in her job as a Flight Nurse since this was the job she clearly desired and even though the Hospital may not have handled the situation in what would be considered a desirable manner, the plaintiff is unable to make out a prima facie case of discrimination. The plain-

---

**4.** At the time plaintiff resigned from the Hospital a final determination had not been made as to whether or not she could return to her job as Flight Nurse so it is not even clear if the Hospital felt that she was forever incapable of performing the job she desired. This court does agree with the plaintiff however, that from the evidence presented, it appears unlikely that the Hospital would have reinstated her as a Flight Nurse. This however, does not amount to illegal discrimination.

tiff is neither substantially limited in her major life activities due to her impairment, nor did the Hospital regard her as being substantially limited in her major life work activities in that she was not seen as disqualified for an entire class of jobs, but just for a particular job. Based upon the evidence before this court the plaintiff can not establish that she is disabled under the ADA.

Even though this court believes that all other issues presented involve material factual disputes, because the plaintiff can not establish a prima facie case it is hereby

ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Cross–Motion for Summary Judgment is DENIED.