Craig A. **HRON,** Plaintiff,

v.

**O.C. JENKINS, et al., Defendants.**

No. 94–3491–RDR.

United States District Court,
D. Kansas.

July 30, 1998.

Craig A. Hron, Atlanta, GA, pro se.

Mary K. Ramirez, Office of U.S. Atty., Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on defendants' motion for summary judgment. Plaintiff is a prisoner who proceeds pro se and in

**1084**

forma pauperis in a *Bivens*[1] action to seek damages for the alleged violation of his constitutional rights while confined in United States Penitentiary in Leavenworth, Kansas (USPLVN). Before the court is defendants' motion for summary judgment (Doc. 46) to which plaintiff has filed a response.

In seeking summary judgment, defendants claim, in part, that plaintiff has not stated a claim upon which relief can be granted, and that plaintiff's claim for damages against any defendant is barred by qualified immunity.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The non-moving party may not rely upon mere allegations or denials contained in its pleadings or briefs, but must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okl.,* 896 F.2d 1228, 1230 (10th Cir.1990); *Clifton v. Craig,* 924 F.2d 182, 183 (10th Cir.), *cert. denied,* 502 U.S. 827, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Additionally, the Tenth Circuit Court of Appeals has outlined the analytical framework to be applied when defendants assert the defense of qualified immunity. *Jantz v. Muci,* 976 F.2d 623, 627 (10th Cir.

1992), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993). This defense shifts the burden to plaintiff to come forward with facts or allegations sufficient to show that a defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred. *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 646 (10th Cir.1988). Plaintiff's burden cannot be met merely by identifying in the abstract a clearly established right and then alleging defendant violated that right. *Patrick v. Miller,* 953 F.2d 1240, 1243 (10th Cir.1992). The plaintiff must make a more particularized showing. The clarity of the law must be such that a reasonable official would understand that what he or she is doing violates the law. *Langley v. Adams County, Colo.,* 987 F.2d 1473, 1476 (10th Cir.1993). Officials cannot reasonable be expected to know that the law forbade conduct not previously identified as unlawful. *Powell v. Mikulecky,* 891 F.2d 1454, 1456 (10th Cir.1989).

■ If plaintiff meets his initial burden, defendants then assume the summary judgment burden of establishing that there are no disputed material facts that would defeat their claim for qualified immunity. *Woodward v. City of Worland,* 977 F.2d 1392, 1396–97 (10th Cir.1992), *cert. denied,* 509 U.S. 923, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993).

■ In the present case, plaintiff asserts an Eighth Amendment claim based upon defendants' alleged deliberate indifference to his medical needs.[2] Plaintiff claims

---

**1.** *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** Defendants correctly argue that plaintiff's claim for damages against them in their official capacity is barred by sovereign immunity. A claim for damages against a federal defendant in his or her official capacity is treated as a claim against the United States. *Weaver v. United States,* 98 F.3d 518, 520 (10th Cir.1996). The United States is immune from suit unless it has consented to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). There has been no such waiver for constitutional torts, *Bivens,* 403 U.S. at 410, 91 S.Ct. 1999 as alleged in this case. Plaintiff thus

proceeds against defendants in their personal capacity only.

Further, the court finds merit to defendants' contention that plaintiff's claim for damages against defendants Jenkins, Scott, Satterfied, Martinez, Davis and Sperry are not supported by any alleged personal participation by these individuals in the alleged misconduct. Personal participation is essential. *Bennett v. Passic,* 545 F.2d 1260, 1262–63 (10th Cir.1976). Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of a defendant's supervisory position. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

he suffers from diabetes mellitus and epileptic seizures, which result in seizures while he is sleeping. He acknowledges he received treatment for the condition, and that he was medically assigned to a lower bunk. However, when plaintiff was placed in administrative detention in the Special Housing Unit (SHU), he was assigned over his protest to a top bunk. Plaintiff fell from the top bunk two days later and shattered his knee cap. He received medical treatment for the injury, including reconstructive surgery. Plaintiff complains the pins inserted during surgery were not removed as scheduled. Upon his return to general population, he claims a lower bunk assignment continued to be denied, and that he was assigned to a cell in a higher tier that required more steps.

Defendants acknowledge plaintiff was medically restricted to a lower bunk, and that regular procedure should have resulted in a lower bunk assignment when plaintiff was transferred to SHU. Defendants have no information, other than plaintiff's account, of how plaintiff sustained his injury. There are no recorded complaints by plaintiff regarding his bunk assignment, and defendants, by affidavit, recall no discussion of the issue with plaintiff. Defendants point to the timely and appropriate medical care afforded plaintiff following his injury, including surgery at an outside hospital. No conclusive evidence or diagnosis of epilepsy existed prior to plaintiff's injury. The medical examination of plaintiff at that time of his surgery did not reveal or confirm epilepsy, although later medical records reported possible epileptic seizure activity

Defendants admit plaintiff has diabetes, and that plaintiff passes out when experiencing a hypoglycemic reaction. The record documents plaintiff's self induced diabetic insulin reactions similar to a seizure in 1990, and a pseudo seizure in 1991 that was involved in plaintiff's attempted escape.

Defendants' records show that plaintiff was referred for post-surgical removal of the pins in his knee in August 1993. Because plaintiff had an attempted escape in his history, and because the surgery was considered routine rather than emergency, the Bureau of Prisons (BOP) did not approve plaintiff's scheduled surgery at an outside hospital. Instead, the operation was to be performed at the federal hospital in Springfield. A shortage of beds at Springfield, and the pregnancy of plaintiff's surgeon, resulted in the cancellation of the surgery scheduled for May 1994. Plaintiff was transferred to a BOP facility in Florence in October 1994.

Defendants' records also show that after plaintiff's surgery and return to general population, notwithstanding plaintiff's assigned medical duty status to a lower tier, the computer restricted plaintiff to a lower bunk, but not to a lower tier. By affidavit, defendants assert that plaintiff's assignment to an upper tier was an attempt to accommodate plaintiff's request for a single cell, and that plaintiff recorded no complaints or grievances regarding the upper tier assignment. Plaintiff was assigned to an upper tier for approximately four weeks prior to his transfer to Colorado.

■ To establish a *Bivens* cause of action, a party must have some evidence to support finding that federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)(to support Bivens claim, alleged conduct must rise to level of constitutional violation).

■ The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes, which includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (citations omitted). An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference requires more than negligence, but less than conduct that is undertaken "for the very purpose of causing harm

or with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). More specifically, a prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* 511 U.S. at 837, 114 S.Ct. 1970. A simple difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a negligence malpractice claim. *Estelle,* 429 U.S. at 106–07, 97 S.Ct. 285; *Ledoux v. Davies,* 961 F.2d 1536 (10th Cir.1992). Likewise, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts,* 9 F.3d 1475 (10th Cir.1993).

In the present case, plaintiff's allegation that he was assigned to an upper bunk in SHU, and that he was assigned to an upper tier cell after he returned to general population, reflect at most if at all inadvertent error or negligence by BOP staff. No claim of constitutional significance is thereby stated.

Notwithstanding plaintiff's objection to being considered an escape risk, defendants' thwarted efforts to schedule surgery in a sufficiently secure setting evidences defendants' continuing attention rather than any deliberate indifference to plaintiff's medical needs. Plaintiff does not present himself as in constant pain, nor is there evidence the pins in his knee were broken or in immediate need of surgical attention. *See e.g., Hathaway v. Coughlin,* 37 F.3d 63, 66 (2nd Cir.1994) (painful broken pins in hip constituted serious medical need; two year delay in removing broken pins notwithstanding numerous complaints of pain required jury to determine whether there was deliberate indifference), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995), and *Wood v. Housewright,* 900 F.2d 1332, 1334–35 (9th Cir.1990)(month delay in removing broken floating pins from prisoner's shoulder did not violate Eighth Amendment).

The court thus finds no dispute in the material facts underlying plaintiff's claims, and finds plaintiff has failed to state a claim for relief under the Eighth Amendment. Defendants are thus entitled to qualified immunity against plaintiff's claim for damages, and entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.