Johnny M. YOUNG, Plaintiff–Appellant,

v.

Charlie E. JONES, Warden; Cos II— James E. Carver; Co I—Marilyn Gorum, Defendants–Appellees.

No. 92–6757.

United States Court of Appeals, Eleventh Circuit.

Nov. 10, 1994.

* Honorable Floyd R. Gibson, U.S. Circuit Judge    for the Eighth Circuit, sitting by designation.

Ralph Goldberg, Atlanta, GA, for appellant.

Alice Ann Boswell Byrne, Dept. of Corrections, Legal Div., Montgomery, AL, for appellees.

Before DUBINA, Circuit Judge,
MORGAN, Senior Circuit Judge, and
MOORE *, District Judge.

DUBINA, Circuit Judge:

Petitioner Johnny M. Young ("Young"), an Alabama prison inmate, appeals from the district court's judgment entered in favor of appellees, Warden Charlie E. Jones ("Warden Jones") and Correctional Officers James E. Carver ("Captain Carver") and Marilyn Gorum ("Officer Gorum"), on Young's *pro se* 42 U.S.C. § 1983 action. Based upon our independent review of the record, we hold that the district court's finding that there was evidence which supported the administrative hearing officer's determination is not clearly erroneous, *see Newell v. Prudential Insurance Co.,* 904 F.2d 644, 649 (11th Cir. 1990) and, therefore, we affirm the judgment of the district court.

## I. FACTUAL BACKGROUND

On March 23, 1989, prison officials observed two inmates at Holman Prison in Atmore, Alabama, attempting to cut through the prison fence. After a shot was fired, the two inmates fled back into the prison facility. One of the inmates was positively identified. An immediate investigation ensued to determine the identity of the second inmate who attempted to escape. Following the investigation, Young was identified as the second inmate. Captain Carver placed Young in segregation pending a disciplinary hearing on the charge of attempted escape, a major violation of prison regulations.

In accordance with administrative regulations, a disciplinary officer, Officer Gorum, conducted a hearing on Young's charge of attempted escape. Captain Carver testified that he received information from three different correctional officers that their sources revealed that Young was the second inmate who attempted to escape. Captain Carver's confidential informant, who had proved reliable in the past, provided the same information as the other sources. One informant identified the second inmate as having a "salt and pepper beard." A correctional officer checked Young and found that he had a "salt and pepper beard." Additionally, a source informed Captain Carver that Young was on the yard with the identified inmate just prior to the escape attempt. Based upon this information, Officer Gorum found Young guilty of the charge of attempted escape and sentenced him to 45 days in segregation and the loss of various prison privileges.

## II. PROCEDURAL BACKGROUND

Young filed a 42 U.S.C. § 1983 complaint alleging the appellees violated his constitutional rights. The case was referred by the district court to a magistrate judge[1] who conducted an evidentiary hearing. Following the hearing, the magistrate judge entered a Report and Recommendation finding that the appellees violated Young's due process rights. The magistrate judge recommended that Young's disciplinary charge be expunged from his prison records and that he be awarded $1500.00 in damages. The district court rejected the magistrate judge's Report and Recommendation and entered judgment for the appellees. Young then filed a timely notice of appeal.

## III. ISSUES

Young raises two issues on appeal:

1. Whether the district court's finding that there was evidence which supported the

---

* Honorable K. Michael Moore, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. *See* 28 U.S.C. § 636(b)(1)(B).

administrative hearing officer's determination is clearly erroneous.

2. Whether appellees Carver and Gorum are entitled to qualified immunity.

## IV. DISCUSSION

On appeal, Young argues that Officer Gorum's reliance on the confidential informant's description of the second inmate as having a "salt and pepper beard" is insufficient to corroborate the confidential informant's identification of Young and that the district court failed to address the essential issue of whether Officer Gorum was required to make an independent determination of the informant's reliability. Young contends that under federal constitutional due process requirements and administrative regulations, Officer Gorum's reliance on Captain Carver's statement that the informant is reliable is insufficient to make a determination that the informant is in fact reliable. In response, the appellees contend that the hearing officer's failure to question whether the informant had firsthand information does not constitute a due process violation as the hearing officer's findings were supported by "some evidence." *See Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).

In support of his argument that the hearing officer should undertake an independent inquiry into the reliability of a confidential informant, Young relies primarily upon *Kyle v. Hanberry,* 677 F.2d 1386 (11th Cir.1982). In *Kyle,* this court required that "where the [discipline] committee's determination is based upon hearsay information, minimum due process mandates that the [disciplinary board] undertake in good faith to establish the informant's reliability to its own satisfaction." *Id.* at 1390–91. In *Kyle,* unlike the present case, the disciplinary committee did not consider any corroborating evidence, but relied solely upon the officer's statement that a confidential informant identified Kyle as the assailant. *Id.* at 1388. Under those facts, the *Kyle* court found that due process mandated that the disciplinary committee undertake an independent inquiry to establish the informant's reliability. The court noted, however, that an inquiry by the disciplinary committee into the reliability of informers may be diminished, or even satisfied, "where there is corroborating physical evidence of the information provided." *Id.* at 1391.

The impact of *Kyle* must be considered in light of *Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), where the Supreme Court held that a decision of a prison disciplinary board need only be supported by "some evidence." *Id.* at 455, 105 S.Ct. at 2774. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56, 105 S.Ct. at 2773–74. (emphasis added).

■ The district court found, and we agree, that "some evidence" exists to support the hearing officer's determination in this case. Officer Gorum based her decision on the testimony of Captain Carver who stated under oath that he received information from a confidential source that inmate Young was the other inmate who attempted to escape. Captain Carver also stated that his confidential informant had been reliable in the past. Officer Gorum considered the further testimony of Captain Carver that several sources described the second inmate as having a "salt and pepper beard." Additionally, one source stated that Young was seen in the yard shortly before the escape attempt with the other inmate who was positively identified. Officer Gorum found not credible the testimony of an inmate who attempted to provide an alibi for Young. We are persuaded that this evidence satisfies the *Hill* "some evidence" standard.

■ Moreover, Young received all the due process mandated by the Supreme Court in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff,* the Court set forth minimum requirements of procedural due process which should be accorded prisoners: (1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence

relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. *Id.* at 563–66, 94 S.Ct. at 2978–80. The Court also indicated a reluctance to review the judgments of prison administrators and acknowledged that prison disciplinary proceedings do not require the "full panoply of rights" due a defendant in a criminal proceeding. *Id.* at 556, 94 S.Ct. at 2975. Consequently, there is no constitutional right of cross-examination and confrontation of witnesses in a prison disciplinary hearing. *Id.* at 567–68, 94 S.Ct. at 2980–81.

As succinctly noted in *Smith v. Rabalais,* 659 F.2d 539 (5th Cir.1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982):

> The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts'—'whether any evidence at all' supports the action taken by the prison officials.

*Id.* at 545 (citations omitted).

As such, this court should not be forced into the role of judging and reweighing the evidence presented in a prison disciplinary hearing. The role of this court is to determine whether an inmate receives the procedural protections provided by *Wolff* and whether "some evidence" exists which supports the hearing officer's determination.

Both of these standards are met in the present case. Young was provided notice of the charges, an opportunity to call witnesses, which he did, and an opportunity to present evidence in his behalf. The record clearly demonstrates that there was sufficient testimony to satisfy the "some evidence" requirement.

## V.  CONCLUSION [2]

██ The evidence presented to the district court was sufficient to satisfy the "some evi-

dence" standard enunciated in *Hill.* We need not decide whether *Hill* overrules *Kyle* because the "first-hand knowledge" prong of *Kyle* is satisfied here since there was "corroborating physical evidence of the information supplied." *Kyle,* 677 F.2d at 1390–91. The "corroborating evidence" was established by Officer Gorum's finding that the description of a "salt and pepper" beard came up several times and Young fit the description. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

---

**2.** Because we are persuaded that the evidence is sufficient to support the district court's finding and affirm the district court's judgment in favor of the appellees on that basis, we need not address the question of qualified immunity.