46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nelson DUARTE, Petitioner-Appellant,
v.
C.A. TURNER,[2] Respondent-Appellee.
 No. 93-2427.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.[1]
Decided Feb. 10, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Nelson Duarte was disciplined for attempted escape from the United States Penitentiary in Leavenworth, Kansas.[3] He subsequently filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2241. A magistrate judge concluded that no due process rights were violated at the disciplinary hearing. The district court adopted the magistrate judge's findings and recommendation, denied the petition, and entered summary judgment in favor of respondent. On appeal, Duarte contends that his right to due process was violated when the hearing officer relied on information from confidential informants; that the hearing officer considered evidence that duct tape was found in Duarte's cell, notwithstanding respondent's failure to disclose that evidence to Duarte or his staff representative prior to the hearing; and that his staff representative failed to learn of the existence of the duct tape evidence.
 
 Jurisdiction
 
 2
 Respondent has filed an application, pursuant to Fed.R.App.P. 23(a), to transfer Duarte to the Administrative Maximum Facility in Florence, Colorado, and we granted that application on January 9, 1995.[4] The transfer does not divest this court of jurisdiction.[5] Therefore, the warden at the Florence, Colorado is substituted as respondent in this case.
 
 Waiver
 
 3
 Respondent has moved to dismiss the case,[6] arguing that Duarte has waived his right to appeal because he failed to raise the issues on appeal in his objections to the magistrate judge's report and recommendation. Failure to object to a magistrate judge's report issued pursuant to 28 U.S.C. Sec. 636(b) waives the right to appeal all issues, both factual and legal. Thomas v. Arn, 474 U.S. 140, 142, 106 S.Ct. 466, 468 (1985); Provident Bank v. Manor Steel Corp., 882 F.2d 258, 261 (7th Cir.1989); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir.1986). In this case, however, there was no waiver and, in fact, respondents never argued waiver before the district court. Duarte was notified that his failure to object within ten days "shall result in a waiver of the right to appeal from the Order ruling on the Report and Recommendation." Duarte filed a pro se document entitled "Written Objections." Those objections, while perhaps worded awkwardly, address the issues concerning the duct tape and the use of confidential informants, the same issues raised before the district court[7] and this court.
 
 Confidential Informants
 
 4
 Duarte argues that the confidential informants were not reliable. He would like to "[c]heck and see how reliable the confidential informant is and his prison record or the kind of person he is." We have, on several occasions, addressed the issue of balancing due process rights and the need to protect confidential informants in the prison system, and have consistently held that no violation of due process rights results from subjecting a prisoner to disciplinary action without revealing to him the names of confidential informants if there is sufficient indicia of the informant's reliability. See, e.g., Rasheed-Bey v. Duckworth, 969 F.2d 357 (7th Cir.1992); Wells v. Israel, 854 F.2d 995 (7th Cir.1988); Culbert v. Young, 832 F.2d 624 (7th Cir.1987) (collecting cases), cert. denied, 108 S.Ct. 1296 (1988); McKinney v. Meese, 831 F.2d 728, 731 (7th Cir.1987) (per curiam ) (collecting cases); Wagner v. Williford, 804 F.2d 1012 (7th Cir.1986); Sanchez v. Miller, 792 F.2d 694 (7th Cir.1986); McCollum v. Williford, 793 F.2d 903 (7th Cir.1986) ("McCollum II "); Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir.1985), cert. denied, 106 S.Ct. 2251 (1986); Dawson v. Smith, 719 F.2d 896 (7th Cir.1983), cert. denied, 466 U.S. 929 (1984); Jackson v. Carlson, 707 F.2d 943 (7th Cir.), cert. denied, 464 U.S. 861 (1983); McCollum v. Miller, 695 F.2d 1044 (7th Cir.1982) ("McCollum I ").
 
 
 5
 For this reason, due process requires that a determination be made as to the reliability of confidential information upon which a disciplinary committee relies. Wells, 854 F.2d at 998. Reliability may be established by several methods,[8] including the in camera inspection of the material documenting the investigation. Both the magistrate judge[9] and the district court judge examined these materials and concluded that the informants' statements were reliable, since they were detailed, corroborated each other, and were also corroborated by the discovery in Duarte's cell of the type of gray duct tape used to tape the sawed-through bars. Although not required to do so, see Wells v. Israel, 854 F.2d 995, 999 (7th Cir.1988), we too have reviewed the confidential materials, and we are satisfied with the reliability of the confidential sources. See Young v. Jones, 37 F.3d 1457 (11th Cir.1994) (inmate received all required due process where confidential informants' statements were reliable and refuted inmate's alibi defense).
 
 Undisclosed Inculpatory Evidence
 
 6
 In his report, the Disciplinary Hearing Officer (DHO) relied on the fact that a roll of gray duct tape was purportedly found in Duarte's cell: "A role [sic] of gray duct tape was found in your cell which is the same type of tape used to try and conceal the cut bar." We have previously found that Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires the disclosure of material exculpatory evidence in prison disciplinary proceedings. Campbell v. Henman, 931 F.2d 1212, 1214 (7th Cir.1991) (per curiam ); Chavis v. Rowe, 643 F.2d 1281, 1286 (7th Cir.1981). Cf. Rasheed-Bey, 969 F.2d at 361 (inmate not entitled to disclosure "because the information ... was not exculpatory"). But Duarte does not argue that the duct tape was exculpatory evidence. Instead, he argues that had he known of the existence of the evidence and of respondent's plan to submit the evidence to the DHO, he could have better prepared his defense by, e.g., producing evidence that it was common for inmates to possess duct tape,[10] or evidence that the duct tape was never found in his cell.[11]
 
 
 7
 Under Wolff v. McDonnell, 418 U.S. 539 (1974), certain minimum requirements for due process in the context of prison disciplinary hearings, including the inmate's right to receive adequate notice of the charges against him at least 24 hours prior to the hearing. The function of this "notice is to give the charged party a chance to marshal the facts in his defense." Wolff, 418 U.S. at 564, 94 S.Ct. at 2978. But marshalling the facts in a prison disciplinary proceeding is quite different than marshalling the facts, e.g., for a parole revocation proceeding,[12] or a criminal trial,[13] where the parolee is entitled to know what evidence is going to be used against him.
 
 
 8
 Thus, Duarte had no constitutional right to discover, prior to the disciplinary hearing, every piece of evidence that might be used against him. Moreover, even if the duct tape evidence were eliminated from consideration by respondent, "some evidence" exists to uphold the disciplinary decision, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), including: the detailed, elaborate statements of the confidential informants, including identification of Duarte in a photo array; the fact that the two confidential informants were unknown to each other and corroborated each other's statements without any contradictions; that one of the confidential informants had proven reliable on several occasions in the past; that the physical layout of the scene of the attempted escape fit the informants' eyewitness accounts; and that physical evidence, a hacksaw handle, found near the scene of the attempted escape, was identified by both informants as part of the hacksaw they observed Duarte using as he cut through the bars of a window. See Chesson v. Jaquez, 986 F.2d 363 (10th Cir.1993) (finding no due process violation where disciplinary committee did not allow inmate charged with attempted escape to submit alleged contraband items found in his cell into evidence and to have the officer who searched his cell present at the hearing).
 
 Ineffectiveness of Staff Representative
 
 9
 Finally, Duarte argues that his staff representative was ineffective because he failed to discover that the duct tape evidence existed and would be used against Duarte at the disciplinary hearing. It is not clear from the pro se petition that Duarte raised this issue in his objections to the magistrate judge's report and recommendation. Nevertheless, the argument is without merit, because Duarte is not constitutionally entitled to the aid of a staff representative. See Wolff v. McDonnell, 418 U.S. at 570 (due process requires that inmates be provided with the aid of a staff member only where the inmate is illiterate or the issues are complex). Thus, his ineffectiveness argument fails.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner filed such a statement, but on full consideration we conclude that oral argument is not necessary. The appeal is submitted for decision on the briefs and the record
 
 
 [2]
 See note below regarding jurisdiction and substitution of the warden at the Florence, Colorado Administrative Maximum Facility, for Warden Turner
 
 
 [3]
 The punishment imposed included the forfeiture of 1,106 days of good time credit; 60 days' disciplinary segregation; and a disciplinary transfer to the USP in Marion, Illinois
 
 
 [4]
 At the time the incident occurred in August 1991, Duarte was incarcerated at the United States Penitentiary (USP) at Leavenworth, Kansas. At the time the petition for writ of habeas corpus was filed in May 1992, however, his disciplinary transfer had already resulted in his move to the United States Penitentiary at Marion, Illinois. In July 1992, therefore, the United States District Court in Kansas transferred the habeas action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. Sec. 1404(a)
 
 
 [5]
 See Joiner v. Henman, 902 F.2d 1251, 1252 n. 2 (7th Cir.1990) (substituting warden of Leavenworth, where inmate had been transferred); Schiselman v. United States Parole Commission, 858 F.2d 1232, 1235 n. 3 (7th Cir.1988) (transfer to prison outside of this circuit and the accompanying custodial change do not affect our jurisdiction in considering habeas petition); Ward v. United States Parole Commission, 804 F.2d 64, 66 (7th Cir.1986) ("Indeed there seems to be a unanimous view in light of developments since 1967 that the court does not lose jurisdiction even if a prisoner is transferred without compliance with" S.Ct.R. 41, where respondent files motion under Fed.R.App.P. 23 requesting authorization for transfer and substituting warden at new prison); Reimnitz v. States' Attorney of Cook County, 761 F.2d 405 (7th Cir.1985) (transfer in violation of Rule 23 does not divest this court of jurisdiction)
 
 
 [6]
 We entered an order on April 26, 1994, taking the motion to dismiss as the appellee's brief on the merits
 
 
 [7]
 The district court discerned four issues raised by Duarte's objections: (1) the duct tape was never found in his cell and instead was false evidence offered by prison officials; (2) that the investigating officers had no first-hand knowledge of Duarte's guilt and relied exclusively on information from confidential informants; (3) that prior to the hearing he was not presented with the evidence to be used against him; and (4) that the confidential informants were unreliable
 
 
 [8]
 The four methods typically used are: (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that, "he had first hand knowledge of the sources of the information and considered them reliable on the basis of 'their past records of reliability,' " or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential informant. Mendoza, 779 F.2d at 1293 (citations omitted)
 
 
 [9]
 The DHO report (as amended) indicates that the confidential informants were found to be credible because of "their corroborating statements and the physical evidence that was obtained. Their information coincided with evidence obtained."
 
 
 [10]
 The DHO report (as amended) indicated that "the gray duct tape ... isn't issued to inmates nor can you purchase it in the commissary." The record is not clear as to whether or not Duarte was provided with this amendment to the report
 
 
 [11]
 Duarte argues that neither he nor his staff representative learned anything about the tape until the November 1991 hearing, which took place two months after the attempted escape. Duarte states that during that time, he is aware of his cell being searched at least three times, and no duct tape was found. Moreover, the October 1991 incident report does not mention finding duct tape in Duarte's cell. It is not clear from the record whether the duct tape was produced or even discussed at the hearing. It is not mentioned in the "Presentation of Evidence" section of the DHO report, which lists witness testimony and documentary evidence
 
 
 [12]
 See Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1971) (in parole revocation context, due process requires pre-hearing "disclosure to the parolee of evidence against him"). The Court in Wolff specifically found that parole revocation and prison disciplinary proceedings were "qualitatively and quantitatively different." Wolff, 418 U.S. at 561, 94 S.Ct. at 2977. See also Williams v. Ward, 556 F.2d 1143, 1156 (2d Cir.1977) (Friendly, J.) (interest at stake in deprivation of good time credits is of less moment than interest at stake in revocation of parole); United States ex rel. Miller v. Twomey, 479 F.2d 701, 716 n. 33 (7th Cir.1973) (Stevens, J.) (exploring concept that amount of pre-hearing disclosure to parolee of evidence against him is not necessarily appropriate for evidence relating to misconduct within the prison)
 
 
 [13]
 See United States v. Sanders, 893 F.2d 133, 137 (7th Cir.) ("Due process requires the government to disclose exculpatory evidence [citing Brady ]; Fed.R.Crim.P. 16, however, requires the disclosure of "any results of reports ... of scientific tests ... which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial"), cert. denied, 496 U.S. 907 (1990)