[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16996
Non-Argument Calendar

_____

D. C. Docket No. 04-21404-CV-ASG

ANTHONY TEDESCO,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, James Crosby,
ATTORNEY GENERAL OF FLORIDA,
Charles J. Crist, Jr.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 26, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Anthony Tedesco, a Florida state prisoner, appeals pro se the denial of his federal habeas petition, 28 U.S.C. § 2254 and § 2241, arguing that the prison violated his due process rights by relying on a "Voice Stress Analysis polygraph test" (herein "VSA") during a disciplinary proceeding. Tedesco filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-32, 110 Stat. 1214 (1996); therefore the provisions of that act govern his appeal. For the reasons set forth more fully below, we affirm.

Tedesco filed a pro se § 2254 petition challenging a prison disciplinary proceeding where, based on a VSA, he was adjudged guilty of "lying to staff" in violation of prison regulations, resulting in a loss of 180 days of gain time and 60 days of disciplinary housing. Tedesco's petition alleged that the VSA was the state's only evidence, and the scientific community had not accepted the VSA as reliable, and further alleged that his due process rights were violated because prison officials denied his request to have the VSA test results produced for his examination at the disciplinary hearing.

The state responded, in pertinent part, that Tedesco had received the minimal due process to which he was entitled because he was given notice of the charges against him at least 24 hours before his disciplinary hearing and received a report

2

that contained a detailed statement of the reasons for the disciplinary action. The state further argued that Tedesco had agreed to take the VSA and also agreed that, if he failed, he would receive a disciplinary report. Moreover, the state argued that Tedesco was not entitled to a copy of the test results and did not challenge the outcome of the test. Finally, the state argued that Tedesco was permitted to present witnesses at his hearing, and enough evidence was presented to support the disciplinary action taken.

In support, the state attached several exhibits, the first of which was a disciplinary report indicating that Tedesco was found guilty of lying to staff after a hearing in which he declined staff assistance. The report stated that Tedesco had filed numerous complaints and allegations about prison staff and was interviewed, at which point Tedesco submitted a two-page affidavit detailing his allegations. The disciplinary board's decision heavily relied on the interviewing officer's report. According to the report, Tedesco agreed to take a "truth verification test" to confirm his allegations, and, furthermore, agreed that if he failed the test, he would be subject to a disciplinary report. The test revealed that Tedesco "showed deception to relevant question[s]" and failed. Tedesco asked if he could present the testimony of other witnesses, but "the team" conducting the hearing did not "feel the statements would change the decision of the team finding." As

3

punishment, the "team" sentenced Tedesco to 60 days of disciplinary confinement and removed 180 days of gain time.

Also included was a report conducted by Officer Stuart J. Harrison, who interviewed Tedesco regarding Tedesco's complaints and allegations against prison staff. Harrison wrote that Tedesco submitted a two-page affidavit, agreed to take a truth verification test to confirm his allegations, further agreed that, if he failed the test, he would be subject to disciplinary action, and subsequently failed the truth verification test. Tedesco was notified of the charges and informed that an investigation would be conducted. Tedesco was further informed that he could request staff assistance and should make known any witnesses whose statements would be presented. Tedesco's two-page affidavit alleging mistreatment by prison staff was also submitted.

Next, Tedesco filed a "witness statement" opposing the charge of lying to staff and challenging the validity of the VSA test, which he described as "junk science." He argued that the test was not accepted as reliable in the general scientific community or the courts. Furthermore, he "formally" requested that the test results be presented at the hearing and that he be given an opportunity to review the test and to obtain an independent VSA at his own expense because he believed the test conducted by prison staff was biased. Finally, he stated that he

took the VSA under duress because he had received death threats.

The state also included a "disciplinary report worksheet," signed by Officer Harrison, confirming that Tedesco had agreed to take the VSA test and, if he failed the test, would face disciplinary action. Tedesco "showed deception to relevant questions," and, therefore, failed the examination. A second document indicated that the results of the VSA would be made available to the disciplinary committee, but the results were not available to inmates. As witnesses, Tedesco requested only that Officer Harrison and Inspector Keen, the operator of the VSA, be present at the hearing.

Tedesco, in response, filed a "Motion to Demonstrate Response Is Unacceptable," arguing that the state's refusal to provide him with the results of the VSA violated his due process rights. He further argued that his First Amendment "right to be heard" was violated and that his disciplinary conviction was based on inadmissible hearsay. Finally, he argued that the VSA was unreliable and had not gained acceptance in any court, making his disciplinary proceedings contrary to federal law. Tedesco submitted a number of exhibits, many of which are duplicates of the state's evidence or irrelevant to his present appeal. Important to this appeal, however, Tedesco filed a petition for mandamus in Florida state court challenging the disciplinary proceeding, which was denied

5

because the court found that Tedesco had received the minimal due process rights to which he was entitled. The ruling was affirmed on appeal.

A magistrate judge recommended that Tedesco's petition, which the magistrate found was "in legal effect . . . brought pursuant to 28 U.S.C. § 2254, as well as 28 U.S.C. § 2241," be denied. The magistrate judge found that Tedesco's due process rights were not violated because he received notice of the charge, was given the right to contest the charge, and was provided an opportunity to call witnesses and submit evidence. He further found that Tedesco had no right to have the VSA test results given to him prior to the hearing. Finally, he found that the fact-finders' conclusions that Tedesco was guilty of lying to staff were not arbitrary or capricious and that the decision was supported by sufficient evidence. Specifically, he found that the failure to provide Tedesco with the test results did not result in prejudice and that the disciplinary team relied on additional evidence, including Harrison's written statements.

Tedesco filed objections to the magistrate's report, arguing that the failure to produce the VSA test results violated his due process rights.. Next, he argued that he had met the standards for granting habeas relief because federal law clearly established a right to present documentary evidence in defense of a disciplinary charge. Finally, he argued that relief should be granted to him because he was

6

prejudiced by the due process violation, and the only evidence of his guilt was the VSA test results that were not produced.

After conducting a de novo review of the report and Tedesco's objections, the district court concluded that Tedesco's disciplinary hearing satisfied the due process requirements. It found that "some evidence" supported the decision to revoke Tedesco's gain time credits and that the disciplinary board did not rely solely on the VSA test, but also on other evidence that supported a finding of guilt. Thus, the court found that, even if Tedesco had been entitled to a copy of the test results, his guilt was still supported. Accordingly, the court found that the disciplinary hearing comported with due process and Tedesco's habeas petition was dismissed. The district court, however, granted a COA "with respect to [Tedesco's] argument that [his] due process rights were violated as a result of a disciplinary proceeding and whether he was wrongfully deprived of 180 days of gain time."

On appeal, Tedesco argues that the only evidence of his guilt was the failed VSA, which he argues is unreliable, and, therefore, his disciplinary conviction should not be upheld because there was no reliable evidence of his guilt. He further argues that the disciplinary board's withholding of the results of the VSA deprived him of the opportunity to challenge the inculpatory evidence in violation

7

of his due process rights.

We review "[de novo] issues of law presented in a certificate of appealability." Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003). In Medberry, we held that a state prisoner may file a habeas corpus petition to challenge the loss of gain time as a result of state prison disciplinary proceeding that allegedly violates his due process rights under 28 U.S.C. § 2241, although such a petition is governed by the restrictions set forth at 28 U.S.C. § 2254. Id. at 1054.

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The United States Supreme Court has held that "[a] state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a

different result." Brown v. Payton, 544 U.S. 133, 141, 125 S.Ct. 1432, 1438, 161 L.Ed.2d 334 (2005). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." Id., 125 S.Ct. at 1439. An objectively unreasonable application of precedent occurs when (1) a state court identifies the correct legal rule but unreasonably applies it to the facts or (2) a state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. See Diaz v. Sec'y for the Dep't of Corrs., 402 F.3d 1136, 1141 (11th Cir.), cert. denied 126 S.Ct. 803 (2005).

In the present case, Tedesco exhausted his state remedies by filing a petition for mandamus in Florida state court. The state court, citing the Supreme Court's decisions in Wolff and Hill (discussed below), denied the mandamus petition after finding that Tedesco had failed to state sufficient allegations that his due process rights were violated in any way. His petition for certiorari was subsequently denied by the First District Court of Appeals.

In light of the foregoing, we conclude that, because § 2254(d) is clearly a restriction on habeas petitions of prisoners in custody pursuant to a state judgment, and here, because the merits of Tedesco's claim were adjudicated in state court,

9

Medberry requires that we review only to determine whether the state court's application of clearly established federal law was unreasonable.[1] Medberry, 351 F.3d at 1054 n.5.

We further conclude that the state court's disposition of Tedesco's mandamus petition was neither objectively unreasonable nor contrary to clearly established federal law. In Wolff v. McDonnell, the Supreme Court held that a prisoner is entitled to the "minimum procedures appropriate under the circumstances and required by the Due Process Clause" to ensure that a state-created right to, for example, gain-time or good-time credits, is not arbitrarily abrogated. 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The Court held that the minimum procedures include: (1) at least 24 hours notice of the charges so that the inmate can prepare for the hearing; (2) a written statement by the factfinders detailing what evidence was relied upon and why disciplinary action was taken; and (3) the opportunity for the inmate to present witnesses and documentary evidence, although the prison maintains the discretion to reject witnesses. Id. at 563-67, 94 S.Ct. at 2978-80. The rights of confrontation and cross-examination, while applicable to criminal prosecutions, do not apply to

---

[1] To this end, the district court erred by essentially reviewing the merits of Tedesco's claim de novo. This error had no effect whatsoever because the district court's determination that Tedesco's claims lacked merit was the same as the state court judgment.

10

prison disciplinary proceedings.  Id. at 567-68, 94 S.Ct. at 2980.

The Supreme Court later clarified that " the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . .'" Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56, 105 S.Ct. at 2774. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456, 105 S.Ct. at 2774.  In Hill, the Supreme Court upheld the determination of a disciplinary board even though the evidence "might be characterized as meager" because the record was not so devoid of evidence as to render the board's decision arbitrary.  Id. at 457, 105 S.Ct. at 2775.

Here, Tedesco agreed to take a VSA and further agreed that, if he failed, he would be subject to a disciplinary report.  When he failed the test, Tedesco, as

11

contemplated, was subject to a disciplinary report charging him with lying to staff. Both the officer who interviewed Tedesco regarding his allegations and complaints and the officer who conducted the VSA were listed as witnesses at Tedesco's hearing. There is also no dispute that Tedesco was given advance notice of the charge and the hearing as well as the opportunity to present evidence and witnesses in his own defense. While statements regarding the VSA may have constituted inadmissible hearsay evidence if offered at a criminal trial, Tedesco's disciplinary hearing was not a criminal trial, and, therefore, as the Supreme Court held, he was not entitled to the full panoply of rights afforded to criminal defendants at trials, including the right of confrontation or the Federal Rules of Evidence. See Wolff, 418 U.S. at 567-68, 94 S.Ct. at 2980. In light of the evidence of the failed VSA and statements of the interviewing officer, "some evidence" supported the prison's determination that Tedesco lied to staff and his due process rights were not violated.

Moreover, the crux of Tedesco's argument is that polygraph test results are inadmissible because they are unreliable, and, because due process requires, at a minimum, that the prison base its finding on reliable evidence, the prison violated his due process rights by relying solely on the VSA. Tedesco cites to Kyle v. Hanberry, 677 F.2d 1386, 1389-90 (11th Cir. 1982), where we held that, while

12

prisoners are not entitled to the full panoply of rights received in a criminal trial during a disciplinary hearing, they are entitled to have the prison undertake a bona fide examination of an informant's hearsay statements before imposing a severe sanction. Tedesco's reliance on Kyle is mistaken. Notwithstanding the different factual circumstances presented in this case, we previously have called into doubt the holding of Kyle in light of the Supreme Court's holding in Hill, supra, which held that an independent weighing of the evidence is not required—the prison's decision is upheld if there is "some evidence" supporting the decision. See Young v. Jones, 37 F.3d 1457, 1459 (11th Cir. 1994). Because "some evidence" supported the prison's decision and Tedesco's due process rights as set forth in Wolff were not otherwise violated, the prison's decision must be upheld. Id. at 1459-60.

Lastly, to the extent Tedesco argues that prison officials were required to provide him with a copy of the test results prior to his hearing, nothing in Wolff or its progeny constitutionally required providing Tedesco with the results. As the Supreme Court made clear in Wolff, an inmate's right to present witnesses and documentary evidence is not guaranteed in every circumstance, and at a minimum, Tedesco was provided with notice of the charges and had the opportunity to question the Officer who interviewed him and the Officer who conducted the VSA,

13

both of whom were listed on Tedesco's witness list.  <u>Wolff</u>, 418 U.S. at 563-67, 94 S.Ct. at 2978-80.

Based on the foregoing, we conclude that the state court's denial of Tedesco's mandamus petition and determination that Tedesco's due process rights were not violated was not an unreasonable application of federal law under § 2254(d).  We, therefore, affirm.

**AFFIRMED.**