[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14008
Non-Argument Calendar

_____

D. C. Docket No. 06-00019-CV-RLV-4

DEMETRIUS WALLACE,

Plaintiff-Appellant,

versus

H. DWIGHT HAMRICK, Warden,
JAMES DONALD, Commissioner,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 9, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Demetrius Wallace ("Wallace"), a *pro se* litigant pursuing a complaint raised under 42 U.S.C. § 1983, appeals the district court's *sua sponte* order dismissing his complaint for failure to state a claim. Wallace filed an amended complaint against Warden H. Dwight Hamrick of Walker State Prison and Commissioner James Donald of the Georgia Department of Corrections, in which he claimed that he was denied adequate grievance procedures, deprived of due process when placed in administrative segregation for twenty-eight days before receiving a disciplinary hearing, and subjected to cruel and unusual punishment because of the conditions of his confinement. Upon review of the record and Wallace's brief,[1] we affirm in part and reverse in part the district court's order dismissing Wallace's amended complaint for failing to state a claim.

STANDARD OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to § 1915A(b)(1). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (2001). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). "*Pro se* pleadings are held to a less stringent standard

---

[1] The defendants in this case were never served as Wallace's claim was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Therefore, the defendants did not file a brief.

than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## BACKGROUND

In his amended complaint, Wallace alleges that Walker Prison has inadequate grievance procedures. He also alleges that he was deprived of due process when he was confined in administrative segregation for twenty-eight days, and then, afterwards, found to have committed disciplinary violations by a committee consisting of a sole individual. Wallace claims that he was placed in administrative segregation pending a disciplinary hearing for the following violations: (1) interference with count,[2] (2) insubordination, and (3) failure to follow instructions. Wallace requested a hearing after his confinement, in accordance with prison regulations,[3] but was not afforded a hearing until after his release twenty-eight days later. He claims that his hearing was held the day after his release and was before only one board member, who found him guilty of the violations. He claims that the prison failed to maintain any recording of the hearing, and he was not provided with any written basis of the committee member's factual findings.

---

[2] We assume that this violation refers to Wallace's interference with a prison head count.

[3] In his amended complaint, Wallace claims that pursuant the Georgia Department of Corrections policy a prisoner who is involuntarily assigned to administrative segregation must have a formal hearing within ninety-six hours.

3

Additionally, Wallace alleges that the conditions of his administrative segregation constituted cruel and unusual punishment, because he was confined in a small cell, with "no hot running water, no ventilation, no access to any disinfectant at any time, and no opportunity for exercise," in violation of prison regulations. Wallace also alleges that he is a chronic care patient and was not seen by a certified medical professional for his first twenty-two days in confinement.

## DISCUSSION

A.    Violation of Due Process[4]

1.    Liberty Interest

The district court found that Wallace failed to allege a violation of a constitutionally protected liberty interest; therefore, he failed to state a claim for a violation of due process. The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. Wallace did not claim to be deprived or life or property, so he was only entitled to due process if he was deprived of a liberty interest within the meaning of the Fourteenth Amendment. The Supreme Court has stated that there are two circumstances in which a prisoner can be deprived of a liberty interest beyond the

---

[4] We affirm the district court's dismissal of Wallace's claim of inadequate grievance procedures. A prisoner is not entitled to grievance procedures under the Constitution. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

4

deprivation associated with the prisoner's confinement. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). First, a liberty interest may arise from the "Due Process Clause of its own face," which extends procedural safeguards to a prisoner when his liberty is restrained in a way that exceeds the sentence imposed by the court. *Id.* Secondly, states may create liberty interests by conferring certain benefits to prisoners, the deprivation of which "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Since Wallace alleges violations of liberty interests connected with his administrative segregation, these interests arise from the second situation. Therefore, "the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of the regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Wilkerson v. Austin*, 545 U.S. 209, 223, 125 S. Ct. 2384, 2394, 162 L. Ed. 2d 174 (2005) (quoting *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300).

Citing to *Sandin*, the district court found that Wallace's "[twenty-eight]-day administrative confinement did not impose an atypical and significant hardship beyond the ordinary incidents of prison life." In *Sandin*, the Supreme Court found that the prisoner's thirty-day disciplinary segregation did not present an atypical

5

and significant deprivation by the state. 515 U.S. at 485, 115 S. Ct. at 2301.

However, in *Sandin*, which was decided on a motion for summary judgment, the Supreme Court made this finding only after it compared the evidence of the treatment of inmates in disciplinary and administrative segregation and found that the conditions in the one "mirrored those conditions" in the other. *Id*. at 486, 115 S. Ct. at 2301. The Supreme Court also made a comparison between inmates inside and outside disciplinary segregation before finding that the thirty-day confinement "did not work a major disruption in his environment." *Id*.

Wallace alleges that the prison placed him in administrative segregation for twenty-eight days while awaiting a hearing on his disciplinary violations. He alleges that he had no hot water, no ventilation, and no opportunity for exercise, all in violation of Georgia Department of Corrections policy. Wallace also alleges that he did not receive timely medical care. In *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), we specifically found that the State of Florida created a protected liberty interest in two hours per week of yard time. Therefore, we inquired whether the plaintiffs, who were denied their two hours of yard time, were afforded adequate due process. *Id*. The record before us does not contain adequate facts with respect to the conditions of Wallace's confinement as compared with the conditions of confinement of his fellow inmates to determine whether Wallace's

6

confinement imposed an atypical and significant hardship "in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300.

Accordingly, we conclude that Wallace has set forth sufficient facts at this stage of the litigation which might create a protected liberty interest. Therefore, we must next inquire whether Wallace set forth sufficient facts that he was denied due process.

### 2. Due Process

The district court did not discuss whether Wallace was deprived of due process, because the court found that he had not been deprived of a constitutionally protected liberty interest. The requirements of due process for prisoners facing disciplinary actions are: "(1) advance written notice of the claimed violation; (2) a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals." *Young v. Jones*, 37 F.3d 1457, 1459-60 (11th Cir. 1994).

Wallace claims that Georgia Department of Corrections policy requires that once an inmate is involuntarily assigned to administrative segregation that the inmate is afforded a hearing within ninety-six hours after the confinement.

7

Wallace alleges that he was in segregation for twenty-eight days and then released into the general population without having appeared before the disciplinary committee.  He alleges that the day after he was released into the general population, the prison conducted his disciplinary hearing before only one member, who found him guilty of committing the violations.  Wallace claims that no recordings of the hearing were maintained, and he was not provided with a written factual basis for the committee's findings.

At this stage of the litigation, it is not clear beyond a doubt that Wallace has failed to allege a due process violation.  We have no record to indicate when Wallace received notice of the alleged violations, or whether he had sufficient opportunity to present evidence or call witnesses on his behalf.  Accordingly, we find that the district court prematurely dismissed Wallace's claim for a due process violation.

### B.     Cruel and Unusual Punishment

The Eighth Amendment prohibits only the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  Therefore, to state a claim for a violation of the Eighth Amendment, a prisoner must first allege a condition that is an objectively "cruel and unusual deprivation," and second, that the officials responsible for the condition had the subjective intent to punish.  *Taylor v. Adams*,

8

221 F.3d 1254, 1257 (11th Cir. 2000). We have recognized "that administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." *Sheley v. Dugger*, 833 F.2d 1420, 1428-29 (11th Cir. 1987).

A prisoner can show an Eighth Amendment violation by proving that the prison medical officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). For a claim of deliberate indifference, a prisoner must first prove a serious medical need, and second, that the prison official acted with deliberate indifference to his need. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). While Wallace's amended complaint is inartfully drafted, it is not clear beyond a doubt that he has failed to allege a serious medical need, and that the prison officials were deliberately indifferent to his need. Wallace alleges that he "is a chronic care patient and was not seen by a certified medical professional until approximately twenty-two (22) days later subsequent to filing numerous grounds contrary to Georgia Department of Corrections policy IIB02-0001 VI." Liberally construed, we can infer that the needs of a chronic care patient are serious. Furthermore, it is reasonable to infer that prison officials would be aware that a chronic care inmate would need frequent medical attention. Wallace's amended complaint also appears

9

to allege that he was not seen by a medical professional for twenty-two days even though he requested such care. While Wallace has not alleged that the individual defendants personally participated in the failure to treat him, his allegations, if true, may ultimately show that the defendants did nothing to prevent the violation of his Eighth Amendment right against cruel and unusual punishment.

Furthermore, we have specifically recognized that "the Eighth Amendment applies to prisoner claims of inadequate cooling and ventilation." *Chandler v. Crosby*, 379 F.3d 1278, 1294 (11th Cir. 2004). The district court stated that Wallace did not allege that any of the inadequate conditions in his cell caused him any personal injury or any unreasonable risk to his future health. Therefore, he failed to state a claim. However, Wallace alleged that the cell he was placed in had "no ventilation." To state a claim for cruel and unusual punishment, the challenged condition must be extreme and "pose an unreasonable risk of serious damage to his future health" or safety. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993). An inmate "need not await a tragic event" before seeking relief. *Id*. at 33, 113 S. Ct. at 2481. Therefore, Wallace need not plead a specific physical injury if the conditions he complains of posed a serious risk to his health. Liberally construing Wallace's complaint, it is not beyond a doubt that Wallace will be able to prove no set of facts that would entitle

10

him to relief.  Therefore, we find that the district court erred in dismissing Wallace's claim for a violation of the Eighth Amendment.

Accordingly, we conclude that the district court properly dismissed Wallace's claim for inadequate grievance procedures.  However, the district court erred by prematurely dismissing Wallace's claims for violations of due process and the Eighth Amendment.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**