[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12043
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00605-SPM-CAS

JOHN C. SPAULDING,

Plaintiff - Appellant,

versus

RONNIE WOODALL,
JEREMY JOHNSON,
Z. Z. FORD, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 6, 2014)

Before WILSON, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

John C. Spaulding, a Florida prisoner, appeals the district court's dismissal of his pro se complaint for failure to state a claim before Defendants filed a responsive pleading. Pursuant to 42 U.S.C. § 1983, Spaulding alleges that prison officials placed him in administrative and disciplinary confinement for over one hundred days, subjected him to greater restrictions than those faced by the general prison population or those in segregated confinement, placed him on a special management meal, and labeled him a sexual predator, all in violation of his liberty interests without due process of law. We reverse and remand to allow Defendants the opportunity to respond to Spaulding's third amended complaint.

I.

While at the Suwannee Correctional Institution on February 20, 2011, Spaulding was placed in administrative confinement. On March 3, 2011, Spaulding was sentenced to a thirty day disciplinary confinement. While in disciplinary confinement, Spaulding was exercising without a shirt and was told by Corrections Officer Jennings that he would be disciplined. Jennings returned and placed a magnet and a pink sheet on his cell, thereby labeling him a sexual predator. The same day, Defendant Johnson told Spaulding that a disciplinary report would be issued for commission of a lewd and lascivious act, and he would be placed on a special management meal. That disciplinary report, issued on March 18, 2011, accused Spaulding of masturbating while staring at a female

2

prison guard.  On March 24, 2011, Spaulding denied this accusation at a disciplinary hearing; he was also denied an opportunity to review video surveillance from the date of the alleged incident.  Spaulding was sentenced to sixty days additional confinement, thus spending a total of 102 days in segregated confinement.  Also, Spaulding alleges that prison officials imposed more stringent restrictions on his confinement than those typically imposed in disciplinary confinement, including a special management meal, revocation of visitation, telephone, television, and library privileges.  Third, as a result of the disciplinary report, Spaulding's close management status was upgraded, despite the fact that another inmate disciplined for the same conduct was not subject to the same upgrade.  Finally, Spaulding alleges that prison officials ignored the hand injury he received in self-defense from his cell mate, a known gang member.

Proceeding pro se, Spaulding filed a complaint in November 2011, and subsequently filed an amended complaint on the approved complaint form in compliance with Northern District of Florida procedure.[1]  Upon review, the magistrate judge found that the special management meal did not implicate a liberty interest, and thus its imposition prior to a hearing did not violate due process.  Second, the magistrate judge construed Spaulding's claim that he was

---

[1] The Magistrate Judge denied Spaulding's request for a copy of the documents he submitted with his original complaint, stating that the court had reviewed said exhibits and they would be considered incorporated by reference in the amended complaint.

3

falsely labeled a sexual predator as a cruel punishment claim, and dismissed it. With respect to Spaulding's claim that he was required to stay in confinement beyond the sentence imposed, the magistrate judge granted leave for Spaulding to amend his complaint again.  However, Spaulding's second amended complaint omitted his claims against Defendant Jennings and the claim that his liberty was restricted as a result of being labeled a sexual predator.  Upon finding that Spaulding did not present a constitutionally protected liberty interest, the magistrate judge granted Spaulding leave to file a third amended complaint, instructing him to only include claims stemming from his disciplinary confinement.  In March 2012, Spaulding filed a third amended complaint, including allegations about the length and condition of his disciplinary confinement and deliberate indifference regarding his injured hand.

Upon review, the magistrate judge recommended that Spaulding's claim be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii), finding that the time Spaulding spent in disciplinary confinement was not an "excessive" or "atypical" hardship.[2]  The district court adopted the recommendation, dismissing Spaulding's claims for failure to state a claim upon which relief can be granted.

II.

---

[2] Spaulding insists that this finding ignores the twenty-one additional days of administrative confinement.

4

We review the district court's decision to dismiss a complaint for failure to state a claim under § 1915(A) de novo, taking the allegations in the complaint as true, and using the same standards as govern a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  Pro se pleadings are held to a less stringent standard and should be liberally construed.  *Tannenbaum v. U.S.*, 148 F. 3d 1262, 1263 (11th Cir. 1998).

## III.

In his appeal, Spaulding argues that state officials deprived him of his constitutionally protected liberty interests.  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (to state a §1983 claim, claimant must allege "(1) a deprivation of constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.").  Spaulding notes that this court has recognized that Florida prisoners have a liberty interest in remaining in the general prison population, *Sheley v. Dugger*, 833 F.2d 1420, 1424 (11th Cir. 1987), and thus assigning a prisoner to disciplinary confinement under conditions that are "atypical and significant" gives rise to a liberty interest subject to due process.  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).  Here, Spaulding argues that the duration and conditions of his confinement were

5

significantly restricted compared to the general prison population, and that this hardship analysis cannot be dismissed without a factual inquiry.[3]

In addition to the liberty interest arising from the extent and nature of his segregated confinement, Spaulding explains that this court has recognized that prisoners have a liberty interest in not being branded as a sex offender. *See Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999). Spaulding argues that he was deprived of his liberty interest in not being identified as a sexual predator. Moreover, Spaulding emphasizes that this labeling occurred without notice or a hearing in violation of the due process required for prisoners facing disciplinary actions. *See Young v. Jones*, 37 F.3d 1457, 1459–60 (11th Cir. 1994).

We have a duty to liberally construe a pro se litigant's assertions to discern whether there is a basis for relief. *Tannenbaum*, 148 F. 3d at 1263. Construing Spaulding's claims broadly, he plausibly alleges that Defendants deprived him of constitutionally protected liberty interests without due process. However, Defendants did not submit any responsive pleading prior to the district court's dismissal of Spaulding's third amended complaint. Given the liberal construction afforded pro se litigants, we reverse and remand this case to the district court in

---

[3] For example, in *Wallace v. Hamrick*, this court reversed dismissal of prisoner's complaint because his allegations of no hot water, ventilation, or opportunity to exercise set forth facts that might implicate a protected liberty interest. 229 Fed. App'x 827, 830 (11th Cir. 2007).

order for Defendants to file a responsive pleading to Spaulding's third amended complaint.

**REVERSED and REMANDED.**